## JONES *v.* PETERSON, LOTT & PAULK.

1. Where a woman sues out a warrant against a man charging him with being the father of her bastard child, they may settle the case by his paying her money or giving his promissory note. If such note be given, there is sufficient consideration, both moral and legal, to authorize a recovery thereon.
2. The mere fact that the note is given while the putative father is under arrest under the warrant is not such duress as will render it void.

Submitted January 13,—Decided February 7, 1903.

Complaint. Before Judge Quincey. City court of Douglas. June 16, 1902.

*O'Steen & Candler,* for plaintiff in error.
*F. W. Dart,* contra.

SIMMONS, C. J. An action was brought by Peterson, Lott & Paulk against A. J. Jones on a promissory note signed by John Jones and A. J. Jones, the petition alleging that John Jones was dead. The defendant filed an answer in which he alleged, that he was surety on the note; that John Jones, his son, had been arrested on a charge of bastardy, made by Mary Lott, the payee of the note; that the sole consideration of the note was that the charge would be withdrawn; and that the note was thus given under duress and to settle a criminal prosecution. This answer also alleged that the note was given while the principal was under arrest and just prior to the time set for the trial of the charge against him. The answer further charged the plaintiffs with full notice and knowledge of the character of the consideration for which the note was given. The plaintiff demurred to these pleas, and the court sustained the demurrer and rendered judgment for the plaintiffs. The defendant excepted.

1. There was no error in striking the pleas. The mother of a bastard child has a right, under the law, to settle with the father on such terms as may be agreed on. The issuance of the warrant for bastardy and the arrest thereunder did not, in a strict view of the matter, make a criminal case. The warrant was for the purpose of bringing the putative father before a magistrate for inquiry as to whether he was the father of the child. If the magistrate found that he was, then it was the duty of the magistrate to require the father to give bond to support the child until it arrived at the age of fourteen years. Therefore the case was not a criminal one at this stage of the proceedings, in the sense that it could not be settled; and it could in no event become a criminal case until the putative father refused or failed to give the bond required by law. The code makes penal the refusal or failure to give the bond. We are clear, therefore, that the parties had a right to settle, by the father paying or agreeing to pay the mother a certain sum of money. That a note given under such circumstances is not without consideration has been settled in this State by *Hargroves* v. *Freeman,* 12 *Ga.* 342, and the cases following it, to wit: *Davis* v. *Moody,* 15 *Ga.* 175; *Hays* v. *McFarlan,* 32 *Ga.* 699; *Jackson* v. *Finney,* 33 *Ga.* 512. These cases hold, in substance, that there is not only a moral but a legal consideration for a note given to settle a case of the character above indicated.

2. The plea alleged that the note was void because given under duress. The record discloses that the warrant had been issued for bastardy, and just prior to the time for the trial before the magistrate the settlement was made and this note given. There was no allegation that the arrest was illegal, or that any force was used or threatened in order to make the defendant or his son sign the note. The law authorizes an arrest of a putative father under such a warrant, and it was perfectly legal for the mother to depose to such a warrant, and for the magistrate to issue the warrant, and for the constable to make the arrest thereunder. If, after his arrest, the putative father signed this note for the purpose of settling the matter and the warrant was thereupon dismissed and such father set at liberty, this was not of itself such duress as would avoid the note. It follows that if the principal was not under duress when he signed the note, and was bound by its obligation, the surety was also bound, and can not be released because of the facts set up in

his answer. See *Patterson* v. *Gibson*, 81 *Ga.* 802. These propositions being true, that part of the plea which alleged notice to the plaintiffs (who are indorsees) constituted no defense. The court. was right in striking the plea.

3. The record made a question as to the correctness of awarding. counsel fees in the judgment against the defendant. Error was assigned on the ground that the petition did not show any notice as required under the act of December 12, 1900, (Acts 1900, p. 53). This question is not referred to in the brief for the plaintiff in error, and the assignment of error must be treated as having. been abandoned. This particular assignment seems to have been without merit, under the decision of this court in *Stoner* v. *Pickett*, 115 *Ga.* 653, as the note was given before the passage of the act above mentioned. *Judgment affirmed. By five Justices.*