### SCANDRETT *v.* THE STATE.

1. Where it appeared from the evidence that the defendant sold on the Sabbath day articles of refreshment, such as candy and "coca cola," at a "stand," and it further appeared that several times on Sunday at different churches he had conducted a similar business, the jury trying the case would be authorized to find the defendant guilty of a violation of the Penal Code, § 422.

2. "Defects in an indictment afford no ground for a new trial. Exceptions which go merely to the form should be made before trial. For matters affecting the real merits, the remedy, after trial, is by motion in arrest of judgment."

Argued October 18,—Decided November 10, 1905.

Accusation of violating the Sabbath. Before Judge Hammond. City court of Griffin. September 15, 1905.

*Thomas W. Thurman,* for plaintiff in error.
*Thomas E. Patterson, solicitor,* contra.

BECK, J. The defendant was tried, in the city court of Griffin, on an accusation in which it was charged that he, "on the 23 day of July, 1905, did with force and arms unlawfully pursue his ordinary business, or the work of his ordinary calling, on the Lord's day, and did sell a quantity of coca cola and candy." The defendant was convicted, and moved for a new trial upon the general grounds, and also on the further ground that the "State did not charge or prove the work or business was not a work of necessity or charity." The court overruled the motion for new trial, and the defendant excepted.

1. There was no evidence in this case to show that during the week the defendant had any other business or calling than that of a farmer, but the undisputed testimony conclusively proved that on the Sunday set out in the accusation the defendant did, at a "stand" kept by him, vend articles of refreshment, such as candy and "coca cola," and that he had on other Sundays conducted a similar business. It is not necessary, under the issues made in this case, for us to pass upon the question as to whether or not the proof of a single sale on the Sabbath day would support a charge of violating the Penal Code, §422; but where there is a series of acts of the nature of those charged in this accusation, the jury would be authorized to find the defendant guilty under that section. *Reed* v. *State*, 119 *Ga.* 562.

2. Besides the general grounds, plaintiff in error based his motion for a new trial upon the ground that the "State did not charge or prove the work or business was not a work of necessity or charity." It is true that the State did not allege that the acts charged were not works of necessity or charity; but if this allegation was necessary to make a perfect indictment, a failure so to charge should have been taken advantage of by a special demurrer to the accusation. But the defendant did not demur to the accusation, and permitted evidence to go to the jury which showed conclusively that the acts charged were works of neither charity nor necessity. "Defects in an indictment afford no ground for a new trial. Exceptions which go merely to the form should be made before trial. For matters affecting the real merits, the remedy, after trial, is by motion in arrest of judgment." *White* v. *State*, 97 *Ga.* 47. See also *Wise* v. *State*, 24 *Ga.* 31.

*Judgment affirmed. All the Justices concur.*