280. GRESHAM *et al.* v. HEWATT.

This case is controlled by the decision of the Supreme Court in *Jones* v. *Peterson*, 117 *Ga.* 58, 43 S. E. 417, and the cases therein cited.

*Judgment affirmed.*

Certiorari, from Gwinnett superior court—Judge Brand. September 4, 1906.

Submitted May 6,—Decided May 24, 1907.

Gresham, having been arrested on a bastardy warrant, made the following contract: "The State *vs.* Joseph Gresham. Warrant for Bastardy. Miss L. D. Hewatt, Pros. It is agreed by the parties to the above-stated matter that William Hewatt, father of Miss L. D. Hewatt, take said child born of the said Miss L. D. Hewatt, and care for and maintain said child and support same; that said Joseph Gresham agrees, for and in consideration of the support of said child and the dismissing of said warrant against him, to pay to said William Hewatt the sum of three dollars per month, to be paid as follows: [The payments to be made are set out.] This shall be in full liberality [of the liability] on the part of said Joseph Gresham for the support, maintenance, or education of said child or its mother, and, if he complies with the payments when they become due, shall be a bar to any further prosecution as to said matter. But, should said Joseph Gresham fail to pay any of said payments when they become due, then said prosecution is at liberty to have another warrant issued for said Joseph Gresham for said charges; then the same is to be a bar and release of any further liberality [liability?] of said Joseph Gresham to said William Hewatt on this contract, or any liberality [liability] of his securities on same for any further sum, or any part of same. Should said child die at any time, then said payments on same shall cease, except what is then due on same, or the proportion of the amount due on same, except the $18 due December 25, 1901, which is to be paid in any event. This contract is to be non-negotiable and non-transferable. The said Monro Gresham and Sam Ewing and [?] bind ourselves to said William Hewatt for the amounts of each of the payments of $3 per month for said ten years, and agree to see the same paid when due. And each of us hereby waive all exemptions of the homestead against the payment of any part of said sums which will become due on this contract. It is understood and agreed that there shall be no further prosecution of said Joseph Gresham for said offense, or any other offense arising out of same, provided said Joseph Gresham complies with his part of this contract. Witness our hands and seals this the 20th day of September, 1901. J. J. Gresham [L. S.] J. M. Gresham [L. S.] S. J. Ewing [L. S.] Executed in the presence of E. T. Nix." The sureties having been sued on default of payment of certain of the installments, and a judgment having

been rendered against them, they sought to avoid it on the following grounds: that the contract is illegal, because the consideration is the suppression of a criminal prosecution; that the contract is also illegal for the reason that, under the Penal Code, §§ 1248-1250, the only mode of requiring a putative father to support and maintain a bastard child is that set forth therein; that the contract is merely an optional one on the part of the defendants; that under the contract a suit thereon and a criminal prosecution might be maintained at the same time. One of the sureties also set up that he signed the contract under duress, to prevent his son, the putative father of the bastard, from going to jail; that the son was under arrest, and incarceration was immediately threatened.

*O. A. Nix*, for plaintiffs in error.

*F. F. Juhan, M. D. Irwin*, contra.