## 5904.  PARKER *v.* THE STATE.

RUSSELL, C. J.  1. A prisoner who has once formally waived arraignment is not entitled, as a matter of right, to be arraigned on a subsequent trial granted upon his motion; and for that reason the refusal of the court to allow the defendant to withdraw his formal waiver of arraignment was immaterial and not erroneous.

2. A prosecution for seduction may be stopped by a bona fide and continuing offer of marriage, but the offer to marry to which the statute (Penal Code, § 379) refers can only be made before arraignment at the first trial. The arraignment to which the code refers is the arraignment at the first trial of the offense. No offer to marry after there has been a trial of the case is within the provisions of the statute.

3. The general rule that a foundation must be laid in order to authorize the introduction of proof of previous contradictory statements for the purpose of impeachment has no application when the testimony which it is sought to attack is in the form of an affidavit. Upon a former trial of this case an affidavit purporting to contain the testimony of an absent witness in behalf of the defendant was submitted to the jury, with the consent of State's counsel, in order to avoid a continuance. The agreement of the solicitor-general to the introduction of the contents of this affidavit in lieu of the oral testimony of the absent witness, however, was not made under the provisions of section 5716 of the Civil Code. The State agreed merely that the absent witness, if present, would testify to the facts stated in the affidavit, and reserved the right to contest the truth of these statements. Thereafter, upon the trial now under review (the affiant in the meantime having died) the affidavit was admitted, over the objection of the prosecution, but a witness for the prosecution was permitted to testify that the affiant had practically admitted the falsity of the statements contained in the affidavit. Neither the affidavit nor the testimony introduced to contradict it was legally admissible, but it does not appear that the error was harmful to the accused.

4. The remaining assignments of error are without merit.

5. The evidence supported the verdict, and there was no error in refusing a new trial.                *Judgment affirmed. Broyles J., not presiding.*

DECIDED JULY 2, 1915.  REHEARING DENIED OCTOBER 2, 1915.

Indictment for seduction; from DeKalb superior court—Judge Bell presiding. June 30, 1914.

*J. S. McClelland, W. M. Smith,* for plaintiff in error.

*George M. Napier, solicitor-general, L. J. Steele,* contra.

### ON MOTION FOR REHEARING.

RUSSELL, C. J.  The plaintiff in error bases his motion for rehearing in part upon the contention that the lower court erred in repelling certain testimony corroborating and in support of the affidavit of a deceased person, in which the virtue of the alleged

injured female was impeached (the contents of this affidavit having been permitted to go to the jury), and insists that this court, in passing upon the exceptions to the judgment overruling his motion for a new trial, overlooked the provisions of § 5773 of the Civil Code, as well as the previous decision in this case *(Parker* v. *State,* 11 *Ga. App.* 251, 253, 75 S. E. 437). Section 5773 of the Civil Code is as follows: "The testimony of a witness, since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proved by any one who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies." In dealing with the probative effect of the affidavit referred to in the motion when the case was here before, and in passing upon an exception to the charge of the judge on that trial, we held that after the admission of the affidavit by agreement, it should have been treated as if the witness had orally testified before the jury to the statements contained therein. The circumstances under which the contents of the affidavit were admitted upon the trial now under review differ from those under which the affidavit was first introduced as evidence, but the rule laid down by this court when the case was previously before us is adhered to. On the previous trial the solicitor-general, in order to prevent a continuance on account of the absence of J. A. Tuggle, a witness for the defendant, agreed to admit that Tuggle, if present, would testify to the facts stated in his affidavit. But the admission of the State did not bring it under the provisions of section 5716 of the Civil Code, because the agreement as made was not coupled with an agreement that the State would not contest the truth of the facts sought to be proved by the absent witness. Under the agreement as made, we held that since the jury had the right to consider the contents of the affidavit, as any other testimony in the case, subject to contradiction or disproof, the reference to the affidavit as made by the trial judge in his charge necessarily tended to depreciate the probative value of the affidavit as fixed by the agreement of the parties. In the case now before us the presiding judge, not with consent of State's counsel, but over his objection, permitted the contents of the same affidavit to go before the jury as the testimony of J. A. Tuggle, who had died

after the former trial. Even if the court's admission of the
contents of this affidavit was based upon the ground that the
State was bound by an admission in judicio at a previous term of
the court, still it was not within the power of the court to extend
the agreement as made, and the conditions of the original agree-
ment permitted the State to contradict or impeach any state-
ment made in Tuggle's affidavit. Accordingly, the court very
properly permitted testimony tending to prove statements on the
part of Tuggle prior to his death, contradictory of the statements
as made in the affidavit. The proof of facts by means of state-
ments contained in an affidavit always precludes the right of
cross-examination by the opposite party, and necessarily dispenses
with the laying of the usual foundation precedent to the introduc-
tion of proof of contradictory statements, by calling the attention
of the witness to the time and place of the alleged contradictory
statements, and the circumstances under which they were made.
However, when proof by affidavit is relied upon, it does not deprive
the opposite party of the right to prove contradictory statements,
because, under such circumstances, the right of cross-examination
renders the laying of the proper foundation impossible. After the
witness had testified to a statement which he attributed to Tuggle
(practically admitting the falsity of the allegations contained in
his affidavit) the defendant sought to introduce proof of conversa-
tions had with Tuggle in rebuttal of the testimony of the impeach-
ing witness and in corroboration of the statements made in the
affidavit, and insists that the exclusion of this testimony was error
because it should have been permitted under the provisions of
section 5773 of the Civil Code. This is the only exception to the
ruling of the lower court upon this evidence, and a reading of the
provisions of this code-section renders it apparent that the ruling
was not for the reason assigned erroneous. Tuggle, the deceased,
was never, in strictness, a witness on a former trial. So far as
appears from the record, he never gave testimony as a witness
upon the stand at any trial of the case. The witness did not offer
to swear that he had heard Tuggle testify as a witness, and it was
evident, from the statement made as to the facts sought to be
proved by the witness, that he would not and could not profess to
remember the substance of any testimony delivered by Tuggle
other than that contained in his affidavit. The affidavit, being in

writing, was the highest and best evidence as to its contents, and this was the only statement coming from him ever introduced on the trial of the case. The trial court correctly ruled that certain parts of a conversation had by the witness with Tuggle prior to the making of the affidavit were not material, since the purposes of the rule laid down in section 5773 are wholly foreign to the question of the good faith of the deceased witness, and Tuggle's statement of his reason for giving the affidavit would not only have been hearsay, but a self-serving declaration.

The evidence for the prosecution which was credited by the jury paints a sad picture of the wooing and winning and ruin of an innocent country girl by persuasion and promises of marriage. On the other hand, the statement in Tuggle's affidavit, if the jury had seen fit to credit it, showed that the female alleged to have been wronged was immoral in thought and in deed, and could not have been seduced by the defendant, because she had previously lost her virtue. The issue was fairly submitted by the presiding judge, and the errors upon which the judgment of the lower court was previously reversed were avoided. In dealing with this case the court did not deem it necessary to elaborate separately its rulings upon the several assignments of error, and though each and all of them were carefully considered, no useful purpose would be served by an extended discussion of any point raised by the record.　　　　*Rehearing denied.*