## JOHNSON v. THE STATE.

1. The evidence in behalf of the State proved a murder without mitigation or excuse; and since it was within the prerogative of the jury not to credit the testimony offered in behalf of the defendant, it can not be said that the verdict was not warranted by the evidence.

2. There is no merit in the exception that the State was permitted to offer a witness in evidence after the defendant had closed the testimony in his behalf. The trial judge is clothed with a very broad discretion in the matter of allowing additional evidence at any stage of a trial, and that discretion will not be controlled except where there appears to have been an abuse of discretion. The mere fact that the State had proved practically the same facts in the introduction of its testimony in chief did not preclude the prosecution from reserving a witness according to the judgment of the prosecuting officer, if the testimony would rebut that offered in behalf of the defense. Where testimony is otherwise admissible, it can not properly be objected to merely because the effect of such testimony is extremely prejudicial to the opposite party.

No. 5774.   MARCH 18, 1927.

Murder. Before Judge W. E. Thomas. Brooks superior court. December 4, 1926.

*Branch & Snow,* for plaintiff in error.

*George M. Napier, attorney-general, Clifford E. Hay, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

RUSSELL, C. J. 1. The evidence fully warranted the verdict of guilty in this case, unless the jury believed the testimony in behalf of the defendant and his statement to the effect that he killed the deceased under the fears of a reasonable man that his own life was in immediate danger; and since the evidence is uncontradicted that he pursued the deceased for a considerable distance and assaulted him more than once with three different species of weapons, it is no marvel that this theory was not credited by the jury. There is no exception to the charge of the court, and so it must be presumed that the jury were correctly instructed on the law applicable to the case on trial.

2. The only exception, aside from the three usual general grounds contained in the motion for a new trial, is set forth in an amendment to the motion. In this the movant complains that after the defendant had closed his testimony the court permitted

Criminal Law, 16 C. J. p. 562, n. 7; p. 864, n. 80; p. 867, n. 25; p. 868, n. 34, 36, 40; p. 930, n. 93; 17 C. J. p. 243, n. 58; p. 244, n. 59, 63, 67; p. 267, n. 99.

Homicide, 30 C. J. p. 310, n. 25.

John A. Gilbert to give certain testimony over the objection that such testimony was not in rebuttal of any testimony offered by the defendant, and the witness was being offered to go over the same ground as that covered by the witness Gardner, and who was in the same room that Gardner was in when they saw the homicide. It is insisted that this testimony was not in rebuttal of any statement made by the defendant to the jury, and was therefore prejudicial and hurtful to the defendant and contrary to the principles of justice. The judges of the superior court are vested with a wide discretion in permitting the introduction of testimony. The purpose of a trial is to develop and elucidate the truth, and the books are full of cases where the discretion of the trial judge was permitted to be exercised with extreme liberality for that purpose. So whether the testimony of Gilbert is strictly in rebuttal of the case made in behalf of the defendant or not, we can not say that the trial judge abused his discretion in permitting the State to introduce the testimony of Gilbert. Treating the testimony as intrinsically admissible, it is well settled as a matter of practice that no litigant can select his adversary's plan of battle. If the State's counsel thought that Gilbert was a more credible or impressive witness than Gardner, it was his right to save the witness for the rebuttal rather than to introduce his testimony in the examination in chief. The fact that the skillful arrangement of a party's battle line may legally render it more deadly and therefore extremely "prejudicial" to the opposite party does not ipso facto, and solely for that reason, constitute an error of which the loser could complain. However, as we have said above, the authority to admit testimony out of its regular order and even after both sides have closed is so largely a matter of discretion to be exercised on the part of the trial judge, that this court can not interfere except where there has been a manifest abuse of discretion.          *Judgment affirmed. All the Justices concur.*