## 20348. SMITH v. THE STATE.

**DECIDED APRIL 15, 1930.**

*A. Russell Ross, C. W. Atwill, J. H. Milner,* for plaintiff in error.
*D. D. Smith, solicitor,* contra.

LUKE, J. The first count of the accusation in this case charges B. W. Smith with possessing intoxicating liquor, and the second count accuses him of having a still on his premises. The jury found the defendant guilty under the first count, and the exception here is to the judgment overruling his motion for a new trial.

It appears from the first special ground that the defendant

signed the following writing indorsed on the back of the accusation: "Georgia, Dodge County. I hereby admit my guilt of within charge and agree to enter my formal plea of guilty by the July T., 1929, of C. C. of E. This 4/29/29. B. W. Smith, deft. Witness: G. C. Rogers." When the case was called on July 29, 1929, the solicitor announced that he had a written agreement that the defendant would enter a formal plea of guilty. The court ordered that the plea be entered. Whereupon counsel for the defendant announced that they had been employed to represent him; that they were withdrawing any plea of guilty, or agreement to plead guilty; and that they were demanding a jury trial. They then moved to erase from the back of the accusation the foregoing writing. Counsel insisted that the said agreement was in effect a plea of guilty, and that the defendant had the right to withdraw the same, and that it could not be used as evidence against him. The court stated that no ruling would be made upon the motion until evidence had been introduced to show the facts relative to the agreement.

G. C. Rogers testified that the said agreement was signed on the first day of court in the solicitor's office, after court had adjourned for the day; that the defendant stated that he was unable to meet his trial and pay a fine in the event of conviction, and asked the solicitor to carry the case to the July term of the court; that the solicitor stated to the defendant that "it was a custom sometimes of the court, where a defendant was guilty of the charge, to permit the defendant to sign up a written stipulation to plead guilty in the case, and carry it over for a period;" that after thinking the matter over for a short time the defendant stated that he was willing to sign an agreement admitting his guilt, and agreed to plead guilty at the next term of court; that the solicitor drew the agreement on the back of the accusation and the defendant signed it freely and voluntarily; that no one tried to persuade the defendant to sign the writing, or threatened him in any way, or offered him any reward or immunity from punishment to induce him to sign the agreement; that neither the solicitor nor any one else held out to the defendant any hope of reward, "or made any representation to him, one way or the other, as to what his punishment might be when he eventually carried out his agreement."

The solicitor testified that the defendant stated to him that he

was not in a position to meet his case at that time and wanted it continued for the term; that witness told the defendant that he did not know what could be done about the case, but that he would let him know later; that he did tell the defendant that sometimes where a party was guilty of a crime and was willing to admit his guilt, they sometimes allowed him to sign up an agreement to that effect and let him come in later and enter a formal plea of guilty; that after court the defendant came to his office and "hung around and whined for some time for me to carry his case over until the July term of court;" the witness repeated to defendant what had been said about defendants admitting their guilt and agreeing to plead guilty; and that the defendant said, after hesitating a little, that "he would plead guilty of what he was guilty of." This witness further testified that he drew the statement on the back of the accusation and read over to defendant both the accusation and the agreement before the defendant signed the latter; that he did not try to get the defendant to sign the agreement, and only permitted him to sign it at his own request; that he did not threaten the defendant, did not offer him any immunity from punishment, and did not offer him any kind of reward to persuade him to sign the agreement; that witness did not intimate to the defendant what his punishment would be; and that said agreement was made at defendant's request.

The solicitor then offered said agreement in evidence, and counsel interposed the following objections to its admission: (1) Whether said writing was a plea of guilty or an agreement to plead guilty, defendant had withdrawn it on the call of the case and entered a plea of not guilty, and it could not be used as evidence against him on the trial of the case. (2) "Because, if it was being offered by the State as a confession of guilt, it would not be admissible for that purpose, because the State's evidence relating to the manner and circumstances under which it was signed showed conclusively that it was procured under the hope of benefit and reward; the benefit to accrue being three months additional time to make arrangements to raise money to employ counsel and pay a fine in the event of final conviction, which the State's evidence shows he did not have at the time he signed the agreement." (3) "Because it was irrelevant and immaterial . . and tended only to confuse the issue . . and prejudice the defendant's case." The

court overruled these objections and admitted the agreement in evidence, and the defendant excepted.

Of course if the agreement under consideration were a technical plea of guilty, it would be inadmissible under the plain terms of the Penal Code (1910), § 971. However, being of the opinion that said agreement, entered into out of court and three months before the trial of the case, is not such a plea, we shall direct our attention to the question whether it was admissible in evidence as a confession. The law of confessions is laid down in the Penal Code (1910), § 1032, in this language: "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." It appears that the defendant had no money with which to employ counsel or pay a fine in the event of his conviction, if the case were passed on at the April term of court. When the defendant approached the solicitor and apprised him of his necessitous situation, the solicitor told the defendant in effect that the case might be carried over, provided the defendant would sign such an agreement as he did sign. It will be noted that while the defendant approached the solicitor, it was the solicitor who stated the terms upon which the case might be carried over, and wrote the agreement on the accusation. We think the solicitor held out to the defendant a very lively hope of benefit, and that this hope induced the defendant to sign the agreement. There can be no question that this agreement, indorsed on the accusation by the solicitor and witnessed by the sheriff, was harmful to the defendant's case; and since it can not be said that the evidence demanded the verdict, we are constrained to hold that the court committed reversible error in admitting the agreement in evidence.

Before leaving this case we shall take occasion to say that, while we are certain that in postponing the case under the circumstances and in the manner indicated, the solicitor was prompted by the thought that he was doing an act of kindness, yet we are firmly of the opinion that the making of such agreements is contrary to the spirit of our law and to public policy. It is quite conceivable that a defendant might be so situated that he would sign an agreement similar to the one in question when he was not guilty of the offense charged. Indeed, in the instant case the defendant admitted his guilt of "within charge;" that is to say, he admitted that he was

guilty of both possessing liquor and of having a still on his premises. The verdict of "guilty on the first count" was an acquital of the charge of having a still on his premises. The defendant thus actually confessed to the commission of a crime of which he was not shown to be guilty. But it might be thought that the defendant was guilty under both counts, and that the jury were merely merciful in not so finding. It so happens, however, that the evidence did not warrant a verdict under the second count.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*