422

## 27156. GEER v. THE STATE.

DECIDED SEPTEMBER 20, 1938. REHEARING DENIED OCTOBER 1, 1938.

*P. Z Geer, M. C. Edwards, Tom Edwards, C. E. Hay,* for plaintiff in error.

*R. A. Patterson, solicitor-general, Hooper & Hooper,* contra.

BROYLES, C. J. The defendant was indicted in 1936 for murder, and was convicted of that offense at the May term, 1937, of the trial court. In November, 1937, a judgment refusing a new trial was reversed by the Supreme Court. *Geer* v. *State,* 184 *Ga.* 805 (193 S. E. 776). When the case was called for trial at the May term, 1937, the defendant, without filing any demurrer to the indictment, entered a formal plea of not guilty, and waived arraignment. When the case came on for a second trial *at the December term, 1937,* the defendant moved the court to allow him to withdraw his plea of not guilty and his waiver of arraignment, "for the sole purpose of demurring to the indictment." Before making said motion, the defendant, *at the December term, 1937,* had filed his demurrer, general and special, to the indictment. The judge refused to allow the defendant to withdraw his plea of not guilty and his waiver of arraignment, and also entered an order overruling the demurrer. "Every defendant has the right to be tried upon an indictment or accusation perfect in form and substance, but this right, like every other (even the right of trial itself), may be waived. One who waives his right to be tried upon an indictment perfect in form as well as substance, and takes his chances of acquittal, will not be heard, after conviction, to urge defects in the indictment, unless those defects are so great that the accusation is absolutely void." *Lanier* v. *State,* 5 *Ga. App.* 472 (2) (63 S. E. 536); *Gravitl* v. *State,* 36 *Ga. App.* 301 (136 S. E. 829); *Youmans* v. *State,* 51 *Ga. App.* 373 (180 S. E. 495). "Under the Code of this State, all exceptions to the indictment for form, or for matters that may arise by special demurrer, or by plea in abatement or in bar, must be made in writ-

ing preliminary to the trial, and, if not made at the proper time, are to be held as waived in contemplation of law." *Hill* v. *State,* 41 *Ga.* 484 (2); *Foy* v. *State,* 40 *Ga. App.* 617 (150 S. E. 917); *Youmans* v. *State,* supra. It is also well settled that where a defendant in a criminal case has once formally entered a plea of not guilty and waived arraignment, he is not entitled as a matter of law, on a subsequent trial granted upon his motion, to withdraw his plea of not guilty and his waiver of arraignment. See *Parker* v. *State,* 17 *Ga. App.* 252 (87 S. E. 705). Especially is this true where such a motion to withdraw is made at a subsequent term of the court. Under the foregoing rulings and the facts of the present case, the court did not err in refusing to allow the accused to withdraw his plea of not guilty and his waiver of arraignment, or in overruling the demurrer to the indictment.

Moreover, even if the judge could have passed on the merits of the demurrer, his judgment overruling it should be sustained, since the indictment was not subject to any ground, general or special, of the demurrer interposed. "An indictment for murder is sufficient which alleges that within the jurisdiction of the court a named defendant, on a named date, 'did then and there unlawfully, and with malice aforethought, kill and murder one Alexander "Son" Adams by shooting him in the body with a pistol.' . . The grounds of special demurrer, that the indictment fails to allege that Alexander 'Son' Adams was a human being, and that the accused was a person of sound memory and discretion . . are without merit." *Green* v. *State,* 172 *Ga.* 635 (2) (158 S. E. 285); *Dumas* v. *State,* 63 *Ga.* 601; *Thomas* v. *State,* 71 *Ga.* 44 (5); *Sutherland* v. *State,* 121 *Ga.* 591 (49 S. E. 781); *Brown* v. *State,* 13 *Ga. App.* 437 (3) (79 S. E. 231). The indictment in the instant case (formal parts omitted) reads as follows: "Georgia, Miller County. The grand jurors . . charge and accuse W. I. Geer with the offense of murder, for that the said W. I. Geer, on the 8th day of January in the year nineteen hundred and thirty-six, in the county aforesaid, did then and there unlawfully and with force and arms feloniously and of his malice aforethought kill and murder one Charlie Mae Cook Houston, in the peace of the State being, by then and there shooting the said Charlie Mae Cook Houston with a pistol, then and there inflicting a mortal wound in and upon the person of said Charlie Mae Cook Houston caus-

ing the death of the said Charlie Mae Cook Houston, contrary to the laws of said State, the good order, peace, and dignity thereof."

Judgment affirmed. *MacIntyre and Guerry, JJ., concur.*