### 37149. CURRY v. THE STATE.

CARLISLE, Judge. 1. In the prosecution of one charged under the provisions of Code § 74-9901 with failing to give the bond and security for the maintenance and education of an illegitimate child, the sole issues are paternity ·and the failure of the defendant to give the bond or security required. In this case, it appears from the evidence that the justice of the peace before whom the original bastardy warrant was taken, heard evidence as to the paternity of the child involved and made a determination therefrom that the defendant was the father of the child and ordered that "he make bond in terms of law with good and sufficient security for the maintenance and education of the said child." On the trial of the case in the superior court, the justice of the peace identified the original bastardy warrant, and he testified, "this paper is where he refused to ·give the bastardy warrant and I put him under a warrant to appear at the next city court." It is apparent that in the use of the word

"warrant" the justice of the peace intended to use the word "bond." It is not necessary, however, to determine whether this slip of the tongue on the part of the witness is such as to amount to no evidence to support the burden of proof on the State that the defendant failed or refused to give the bastardy bond as required by the order of the justice of the peace, for the reason that the testimony of the witness fails to show a refusal to give the bond, irrespective of the use of the word "warrant" instead of the word "bond." The testimony merely identified that part of the documentary evidence introduced in the case consisting of the order of the justice of the peace, and his attempt to construe it. The document, however, speaks for itself and fails to show the construction placed on it by the witness. It does not show any failure or refusal on the part of the defendant to give the bastardy bond as required, nor does it show that the defendant gave bond to appear at the next city court, which was the alternative provision of the order should he fail to give the bastardy bond. No appearance bond was introduced in evidence. The evidence on the trial of the case was sufficient to authorize the jury to find that the defendant was the father of the bastard child in question, but there is no evidence sufficient to authorize the jury to find against the defendant on the other essential ingredient of the offense, that of his failure or refusal to give the bastardy bond growing out of the hearing conducted before the justice of the peace against him, does not authorize the assumption that he failed or refused to give such bond. This assumption would authorize an inference of guilt based merely on the fact that the defendant was on trial, and would ignore the presumption of innocence which is a most important part of the bedrock upon which our system of jurisprudence is founded. In no reported bastardy case has this presumption heretofore been indulged. In *Causey* v. *State,* 42 *Ga. App.* 427 (156 S. E. 630), and *Thomason* v. *State,* 18 *Ga. App.* 331 (89 S. E. 436), there was on the warrant the magistrate's entry of the defendant's refusal to give bond. In *McCalman* v. *State,* 121 *Ga.* 491 (49 S. E. 609), and *Rudulph* v. *State,* 16 *Ga. App.* 353 (85 S. E. 365), an order of the magistrate reciting that the defendant failed to give bond and binding him over was admitted in evidence. In *Jones* v. *State,* 88 *Ga.*

*App.* 790 (78 S. E. 2d 88) the magistrate testified to the fact of the refusal. None of these methods were here followed.

It follows that the State failed to prove one of the essential elements of the offense, and it was error to deny the motion for a new trial on the general grounds.

2. Competent, material evidence is not to be excluded merely because it is prejudicial. *Johnson* v. *State,* 164 *Ga.* 47 (137 S. E. 553). In the first special ground, error is assigned on the admission of testimony by the prosecutrix that she was engaged to the defendant and that he had promised to marry her. This evidence was material for two reasons: first, it tended to show the defendant as the most likely person to be the father of the bastard child, and, second, it had a tendency to favorably reflect on the credibility of the witness for the State. Accordingly, this ground is without merit.

3. An excerpt from the charge as follows: "The sole question involved is whether or not the defendant is the father of the child, as alleged in the indictment, and whether he refused to give bond as required in terms of law" was not erroneous as authorizing the jury to return a verdict of guilty even if the child involved was not a bastard. The evidence demanded a finding that the prosecutrix and defendant were not married, and that if the child was that of the defendant it was necessarily a bastard. This ground is without merit.

4. It is further contended that the trial court erred in charging the jury so as to restrict their consideration to the oral testimony in the case and the defendant's statement without regard to the documentary evidence. Where there is documentary evidence as well as oral testimony and the statement of the defendant, the jury must take all these elements into consideration in arriving at its verdict, and the charge of the court should not be so restrictive as to cause the jury to feel that any of the evidence in the case may be ignored. It is, however, unnecessary to decide whether the charge here was subject to this defect, since the situation is unlikely to arise upon a retrial.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 4, 1958.

*Larsen & Larsen, W. W. Larsen,* for plaintiff in error.
*H. R. Thompson, Solicitor,* contra.