### 37315. SIMMONS *v.* THE STATE.

DECIDED SEPTEMBER 16, 1958.

*Will Ed Smith,* for plaintiff in error.

*Albert D. Mullis, Solicitor, Ross & Ross, A. Russell Ross,* contra.

CARLISLE, Judge. ■ It appears from the record in this case that the indictment was returned by the grand jury at the May term, 1953, of the Dodge Superior Court, but the case was not tried in the City Court of Eastman until April 15, 1958. In the trial of the case, the prosecutrix was permitted to testify, over proper and timely objection of the defendant, that the defendant had entered into an agreement in 1953 to pay $25 a month toward the support of the child, and that he paid $25 a month from June 1, 1953, through January 1, 1957. This agreement had been reduced to writing on May 19, 1953. It appears from this agreement, which was also introduced in evidence over proper and timely objection of the defendant, that the prosecutrix and her father agreed that the indictment which had been returned against the defendant would be transferred to the dead docket and there remain so long as the defendant kept up the payments therein provided for. The State also introduced over the defendant's timely objection the order of the judge transferring the case to the dead docket. The introduction of this oral testimony and the documentary evidence in connection therewith over the defendant's objection is assigned as error in the first three special grounds of the motion for a new trial. It is contended that this

evidence was harmful to the defendant and that the jury did in fact consider the agreement and the testimony with respect thereto, and the order transferring the case to the dead docket, because the jury at first returned a verdict finding the defendant guilty and requiring him to "continue $25 per month 'til 14 years of age." It appears from these grounds of the motion for a new trial that, after the jury returned this verdict, the trial judge instructed them as to the proper form of verdict, and that they returned after retiring a second time with a verdict merely finding the defendant guilty.

This evidence could have had no relevancy to any of the issues in the case unless it was introduced for the purpose of showing an admission of guilt by the defendant, since the only issues in a bastardy proceeding are paternity and the failure of the defendant to give the bond or the security required (*Curry* v. *State,* 97 *Ga. App.* 702 (1), 104 S. E. 2d 148), and this evidence could not have been illustrative of either of these issues. However, it was not admissible in evidence as an admission of guilt since it appears therefrom that, if it was such, it was made with a view to compromise or to effect a postponement of the case and was, therefore, not made freely and voluntarily by the defendant. Code § 38-408. *Smith* v. *State,* 41 *Ga. App.* 341 (152 S. E. 916). It follows that the trial court erred in overruling the first three special grounds of the motion for a new trial.

■ The indictment alleged that the defendant had failed to give the security for the support and maintenance of the child after having been required to do so by a lawful warrant sued out before B. W. Harrell, a justice of the peace, he having been tried thereon before "said justice of peace," and having been required by "said justice of peace" to give a bond of good and sufficient security, etc. On the trial, B. W. Harrell testified that the prosecutrix came to him and took out the warrant and that when the case came on for trial before him, J. I. Harrell, who was a notary public and ex officio justice of the peace, sat with him to hear the evidence in the case and that they both heard the evidence and both decided that the defendant should make the statutory bond and, when he did not give the bond, both decided that he should be bound over to the superior court. He

testified that he did not sign the papers because he thought there was some relationship between himself and the father of the prosecutrix, which might have some effect upon the legality of the trial. The State also introduced copies of the order requiring the defendant to give the $750 bond for the maintenance and education of the child signed by J. I. Harrell, notary public, and ex officio justice of the peace, and the copy of the order binding the defendant over to the superior court likewise signed by J. I. Harrell. For the purpose of this opinion, this evidence must be construed as showing merely that J. I. Harrell sat alone as trior of the bastardy warrant, and that B. W. Harrell who did not sign the orders merely was present as a friend of the court, and in no other capacity. All this evidence when introduced was objected to by the defendant on the grounds, among others, that it was at variance with the allegations of the indictment, which, as we have said, alleged that such action was taken by B. W. Harrell. Error is assigned in special grounds 4 and 5 on the ruling of the court permitting this evidence to be introduced, and in connection with the general grounds, it is contended that this being the only evidence as to the justice of the peace before whom the defendant was tried on the bastardy warrant, it constitutes a fatal variance between the allegations of the indictment and the proof. It was also contended that there is no provision in the law conferring jurisdiction upon a justice court presided over by two justices of the peace to try the issues raised in a bastardy warrant, and that the trial must be had before the same justice of the peace who issued the original warrant, and that a notary public, ex officio justice of the peace is not such officer as is authorized to try such a case. In the view which we take of this case, it is unnecessary to decide these latter contentions for the decision is controlled by the first contentions made.

While an unnecessarily minute description of an unnecessary fact alleged in an indictment need not be proved, an unnecessarily minute description of a necessary fact must be proved as charged. *Hall* v. *State,* 120 *Ga.* 142 (1) (47 S. E. 519). Under the provisions of Chapter 74-3 of the Code, it is essential before one can be charged and tried with failure to give the required bond or

security for the support of his bastard child that he shall have been tried before a justice of the peace on a warrant charging him with bastardy and a finding made by such justice requiring him to give bond, and that a further finding has been made that he refused to give the bond and in effect binding him over for trial before a higher court for such refusal. The proceeding before the justice of the peace is essential, and it must be alleged in the indictment or accusation. It was not necessary for the State to have alleged the name of the particular justice before whom the original proceedings were had, but having alleged his name, the State must prove the case as laid. This the State failed to do in this case, and since the evidence objected to was not competent to prove the allegations of the indictment it was improperly admitted over the objections of the defendant, and having been admitted constituted a fatal variance between the allegations and the proof. The trial court, therefore, erred in overruling the general grounds of the motion for new trial and special grounds 4 and 5.

■ Special ground 6 of the motion for a new trial complains of the following portion of the charge: "The father of an illegitimate child shall be bound to maintain him. This obligation shall be good consideration to support a contract by him. He may voluntarily discharge this duty; if he shall fail or refuse to do it, the law will compel him." It is contended that this charge was argumentative, favorable to the State, and called the jury's attention to a rule of civil law which is not applicable in the prosecution of a criminal case. This charge was not subject to any of the grounds of error alleged.

■ The final special ground complains of the refusal of the court to charge on circumstantial evidence. As to this assignment of error, it is sufficient to say that the evidence in the case was not wholly circumstantial and under such circumstances, the court did not err in failing to charge on this subject in the absence of a timely written request therefor.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*