111 Ga. App. 854 (1965)
143 S.E.2d 553
FOWLER
v.
THE STATE.
41378.
Court of Appeals of Georgia.
Submitted June 8, 1965.
Decided June 15, 1965.
*855 William Edward Spence, for plaintiff in error.
Lewis R. Slaton, Solicitor General, Carter Goode, William E. Spence, Frank A. Bowers, contra.
EBERHARDT, Judge.
In his brief defendant's counsel has urged only two of the special grounds; thus all others are deemed abandoned. Tift v. McCaskill, 171 Ga. 289 (3) (155 SE 192); Lander Motors, Inc. v. Lee Tire &c. Co., 89 Ga. App. 194, 200 (78 SE2d 839).
1. One of the special grounds urged is that the solicitor in his opening statement to the jury asserted that the defendant had discussed with the prosecutrix some form of settlement, and that the court erred in refusing a mistrial on account of that remark by him.
The record discloses that when the motion for mistrial was made the court instructed the jury to disregard the statement of the solicitor and then overruled the motion. The motion for mistrial was not renewed. "If defendant's counsel was not satisfied with such action by the judge, he should have renewed his motion promptly and by his failure to do so the judge was in our opinion authorized to conclude that defendant's counsel was satisfied with the action he had taken." Purcell v. Hill, 220 Ga. 663 (141 SE2d 152). Accord, Barnes v. State, 111 Ga. App. 348 (1) (141 SE2d 785).
2. The other special ground assigns error on the admission, over timely objection, of testimony that the defendant had offered the prosecutrix the sum of $200.
The prosecutrix testified that beginning about July 27, 1963, she had sexual intercourse with the defendant once or twice a week for some time and, as a result, became pregnant. Her last menstrual period was August 23. She went to the doctor November 1 and was informed of her pregnancy. Thereafter she saw the defendant and told him of it. He told her that "he hated it." She saw him again and talked with him about it: "Q. Well, you say you saw him one more time  what happened on that occasion? A. Well, we just sat on the road. It was right at the highway, and I told him, and we were talking. And he offered me $200. Q. Ma'am? A. He offered me $200 to pay the hospital bill, but that wasn't enough."
The objection lodged to the testimony about the offer of $200 *856 was that "it's in the nature of an offer and compromise. It's highly prejudicial to the defendant Fowler, and designed to inflame the minds of the jury against the defendant."
While a bastardy proceeding may be settled, Jones v. Peterson, 117 Ga. 58 (43 SE 417), Gresham v. Hewatt, 2 Ga. App. 71 (58 SE 309), Sybilla v. Connally, 66 Ga. App. 678 (18 SE2d 783), yet it is improper to admit evidence of a settlement or of an offer in compromise and settlement of the proceeding. Simmons v. State, 98 Ga. App. 159 (105 SE2d 356). The only question here, then, is whether this evidence was an offer in compromise and settlement of the bastardy proceeding. The judge, in overruling the objection, observed that there was nothing to indicate that the offer was made in compromise of liability on the defendant's part or in settlement of any proceeding or proposed proceeding against him for bastardy  that it was simply an offer on his part to give the prosecutrix $200 to pay on the hospital bill.
We agree with the judge. The offer was not conditioned, if accepted, upon being a compromise and settlement of the proceeding, and hence does not come within the proscription of Simmons v. State, 98 Ga. App. 159, supra, or of Code § 38-408.
It would appear that the offer was one to pay the hospital bill rather than an offer to settle or compromise the defendant's liability or the prosecutrix's right to proceed with a bastardy prosecution. Consequently, the evidence was admissible. Cooper v. Jones, 79 Ga. 379 (4 SE 916); Thompson v. Hastings & Co., 18 Ga. App. 765 (90 SE 729); Wilson v. Wilder, 23 Ga. App. 30 (97 SE 447); Williams v. Smith, 71 Ga. App. 632, 642 (9) (31 SE2d 873); Teasley v. Bradley, 110 Ga. 497 (6) (35 SE 782, 78 ASR 113). This is particularly true where "the opposite party did nothing to induce the statement and did not contemplate a compromise or abatement of his demand." Austin v. Long, 5 Ga. App. 551 (63 SE 640).
It has been held that a refund of the cost of a passenger's ticket by the railroad does not amount to a compromise, "there being no evidence that, in receiving the money, he intended to settle the wrongs done him," Georgia Railroad v. Olds, 77 Ga. 673 (3), and that payment by a telegraph company of expenses incurred by reason of non-delivery of a message would not, *857 unless received in full settlement, bar an action for the penalty. Western Union Tel. Co. v. Taylor, 84 Ga. 408 (3) (11 SE 396, 8 LRA 189). "A right of action for a tort is not extinguished by a `compromise settlement' in which a given sum is to be paid to the injured party, unless it be expressly agreed between the parties that the promise to pay the amount fixed by the settlement shall be accepted as a satisfaction of the original claim." Fouche & Fouche v. Morris, 112 Ga. 143 (37 SE 182). "An admission of liability contained in an offer to settle, brought about by a simple demand for settlement, is not inadmissible on the ground that such admission was `made with a view to compromise,' when there is nothing whatever to indicate that there has been any effort to compromise, and when it cannot be inferred from the circumstances under which the offer was made that there has been such an effort." Teasley v. Bradley, 110 Ga. 497 (6), 506, supra; Akers v. Kirke, 91 Ga. 590 (3) (18 SE 366); Hening & Hagedorn v. Glanton, 27 Ga. App. 339 (2) (108 SE 256); Swanson v. Hodges, 96 Ga. App. 540, 542 (2) (101 SE2d 212).
The assertion that the evidence of defendant's offer to pay the $200 was "highly prejudicial" to him cannot avail. "Competent material evidence is not to be excluded merely because it is prejudicial." Curry v. State, 97 Ga. App. 702 (2) (104 SE2d 148).
Judgment affirmed. Nichols, P. J., and Pannell, J., concur.