## 41484. JACKSON v. THE STATE.

PANNELL, Judge. 1. (a) Certain demurrers entitled in the cause were filed by the defendant and insisted upon before issue was joined. Each paragraph of these demurrers recited "Defendant Robert Craig McQueen demurs," etc. McQueen was jointly indicted with the defendant Jackson, and Jackson obtained a severance and was tried separately. The trial judge did not commit reversible error as to the defendant Jackson in overruling these demurrers, since these demurrers, on their face, appear to be demurrers of another party. No error is assigned on the failure of the trial judge to permit the defendant Jackson to strike out the name of McQueen and insert his own on the demurrers filed.

(b) After the evidence was closed the defendant Jackson interposed the same demurrers, with some additions, to the indictment. The general demurrers were without merit. The indictment sufficiently charged the crimes involved. The special demurrers, having been filed after issue was joined, were filed too late. *Scandrett v. State*, 124 Ga. 141 (2) (52 SE 160); *Thomasson v. State*, 22 Ga. 499 (1); *Jordan v. State*, 22 Ga. 545, 546 (3). The failure to demur to the form of an indictment, or the failure to insist upon such demurrer prior to joining issue constitutes a waiver of the defects. See *Hardin v. State*, 106 Ga. 384 (32 SE 365); *Lanier v. State*, 5 Ga. App. 472, 473 (63 SE 536); *Hill v. State*, 41 Ga. 484 (2); *Spencer v. State*, 123 Ga. 133 (1) (51 SE 294). Whether it would have been the proper practice to dismiss the special demurrers, or to refuse to consider them, the overruling of such demurrers will not be reversed on error assigned by the late demurrant, the defendant here. See *Hatcher v. Georgia Farm Bureau Mut. Ins. Co.*, 112 Ga. App. 711.

2. Where a motion for mistrial is made because of statements of opposing counsel and the trial judge instructs the jury to disregard the statements of counsel and overrules the motion for mistrial and the motion is not renewed after the court instructed the jury to disregard the statement, the ground is insufficient and presents no question to this court for decision. *Cherry v. State*, 220 Ga. 695 (5) (141 SE2d 412); *Barnes v. State*, 111 Ga. App. 348 (1) (141 SE2d 785); *Fowler v. State*, 111 Ga. App. 856 (143 SE2d 553).

3. Alleged errors in rulings on pleadings are not proper grounds

of a motion for new trial. *Beck v. State,* 100 Ga. App. 759, 760 (1) (112 SE2d 426); *Halligan v. Underwriters at Lloyds,* 102 Ga. App. 905, 909 (2) (118 SE2d 107); *Owensby v. Jones,* 109 Ga. App. 398, 400 (7) (136 SE2d 451). Grounds 15 and 16 of the motion for new trial in this case, therefore, present no question for decision.

4. A witness for the State was testifying and using certain papers to refresh his memory. These papers were confidential reports of investigators. Upon objection of the prosecuting attorney, the trial court refused to allow the defendant's counsel to examine the reports. Error is assigned on the grounds that this prevented a more effective cross examination of the witness as to what he knew of his own knowledge, and prevented the defendant's counsel from finding possible impeaching evidence. The refusal of the trial judge to permit the defendant's counsel to examine the reports was not error for any reason assigned. See *Adams v. State,* 34 Ga. App. 144 (1) (128 SE 924); *Ellison v. Robinson,* 96 Ga. App. 882, 887 (7) (101 SE2d 902); see also *Walker v. State,* 215 Ga. 128, 130 (5) (109 SE2d 748). The motion to overrule *Adams v. State* and *Ellison v. Robinson* is denied.

5. While counsel for the defendant was arguing the case before the jury the prosecuting attorney made the following objection: "I object to him saying that he [the defendant] is a nice guy. He had his opportunity to put his character in issue if he wanted to and he hasn't." There was no error in refusing to declare a mistrial because of such statement by the prosecuting attorney. The case of *Jones v. State,* 14 Ga. App. 568 (3) (81 SE 801), relied upon by plaintiff in error, involved a comment by the prosecuting attorney as to facts not in evidence; that is, that the defendant had been previously convicted of an offense against the laws of the State. That case is not applicable here.

6. Grounds 7, 8, 11, 12, 13, 14, 20 and 21 of the motion for new trial are either insufficient to present any question for decision or are without merit.

7. The evidence is sufficient to authorize a conviction of the defendant of receiving stolen goods (a stolen automobile) and possession of an automobile with altered identification numbers.

*Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.*

ARGUED SEPTEMBER 9, 1965—DECIDED NOVEMBER 16, 1965—
REHEARING DENIED DECEMBER 6, 1965.

*Nall, Miller, Cadenhead & Dennis, Thomas A. Rice, James W. McRae,* for plaintiff in error.

*Lewis R. Slaton, Solicitor General, William Hall, Jr., Carter Goode,* contra.