## 49566. JESTER v. THE STATE.

PANNELL, Presiding Judge.

The defendant was charged with a misdemeanor in that he "did commit the offense of bastardy, in that he had sexual intercourse with Bettye J. McGhee on or about the 15th day of January, 1972, as a result of which such female has been delivered of a bastard child, of which said

accused is the father, which is probable [sic] will become chargeable to the County of Fulton, and the said accused upon being arraigned in the Criminal Court of Fulton County, on the 8th day of June, 1973, did fail and refuse to give bond for the maintenance and education of said child in terms of the law . . ." Upon arraignment on December 13th, 1973, he plead not guilty and upon his trial was convicted. He appealed to this court upon the overruling of his motion for new trial. *Held:*

1. It was error to admit evidence showing a prior warrant for the same offense was taken out by the prosecutrix and after a letter was written by her attorney to the defendant, the defendant paid the lying-in expenses and made monthly payments for maintenance through April 19, 1973, and when these payments began the warrant was withdrawn. While this is not direct testimony that the defendant was coerced into making payments to avoid prosecution or that it was agreed that if he made payments the warrant would be withdrawn; the evidence allowed can be viewed with no other conclusion. While voluntary compromises and settlements are favored in bastardy cases *(Jones v. Peterson,* 117 Ga. 58 (43 SE 417); *Gresham v. Hewatt,* 2 Ga. App. 71 (58 SE 309); *Sybilla v. Connally,* 66 Ga. App. 678 (18 SE2d 783)), yet "This evidence could have no relevancy to any of the issues in the case unless it was introduced for the purpose of showing an admission of guilt by the defendant, since the only issues in a bastardy proceeding are paternity and the failure of the defendant to give the bond or the security required (*Curry v. State,* 97 Ga. App. 702 (1), (104 SE2d 148)), and this evidence could not have been illustrative of either of these issues. However, it was not admissible in evidence as an admission of guilt since it appears therefrom that, if it was such, it was made with a view to compromise or to effect a postponement of the case and was, therefore, not made freely and voluntarily by the defendant. Code § 38-408. *Smith v. State,* 41 Ga. App. 341 (152 SE 916)." *Simmons v. State,* 98 Ga. App. 159, 161 (105 SE2d 356).

*Fowler v. State,* 111 Ga. App. 856 (2) (143 SE2d 553), relied on by the dissent, does not require a different ruling. There was nothing in that case to indicate or imply

a compromise or settlement situation. In the *Fowler* case, the only evidence was when the prosecutrix testified she told the defendant she was pregnant and he told her that "he hated it." The next time she saw him he offered to give her $200 to pay on the hospital bill. There was no threat of prosecution nor was there a withdrawal of prosecution after payment. The offer of payment in the *Fowler* case was not based on any circumstances indicating or implying an offer of compromise as is true in the present case.

2. The Code sections (Ch. 74-3) making provision for what is commonly referred to as bastardy proceedings were expressly repealed by the Act of 1973 (Ga. L. 1973, p. 697) which repeal became effective July 1, 1973. Repealed Code § 74-303 provides that when a putative father shall be brought before the justice of the peace, "he may be required to give security for the maintenance and education of the child until he arrives at the age of 18 years," etc., "and if the putative father shall fail to give such security" the justice shall bind him over to the proper court for prosecution. Code § 74-9901 provides that if the putative father of an illegitimate child shall refuse to give security for the purposes enumerated (same as in Code § 74-303) he shall be guilty of a misdemeanor. Code § 74-9901 was not expressly repealed by the Act of 1973. Whether this Code section is repealed by implication, inasmuch as the provisions for requiring the giving of security have been repealed, it is not necessary to decide. The enumerations of error on this appeal do not raise any question in regard thereto and we make no decision thereon; nor do we decide whether the appellant would be entitled to prevail in a petition for habeas corpus based on a contention in that regard.

*Judgment reversed. Deen, P. J., Quillian, Clark, Stolz, Webb and Marshall, JJ., concur. Bell, C. J., concurs in the judgment. Evans, J., dissents.*

ARGUED SEPTEMBER 3, 1974 — DECIDED JANUARY 7, 1975.

*Hill, Jones & Farrington, Edward L. Baety,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Ernest J. Hughie, Frank A. Bowers, Assistant Solicitors,* for appellee.

EVANS, Judge, dissenting.

Appellant's enumerations of error contend the trial court erred: (1) In allowing the prosecutrix to testify and give documents in support of an agreement entered into with the defendant for payment of child support in lieu of prosecution for the offense of bastardy. (2) In allowing testimony into evidence that a warrant alleging bastardy had previously issued against the defendant. (3) In refusing to grant the defendant a new trial.

1. Every appellant is required to assist the appellate courts by pointing to that place in the transcript or record where the matters to which his enumerations relate may be found under penalty of such enumeration receiving no consideration. See: Rule 18(a)(c) (Code Ann. § 24-3618); *Bode v. Northeast Realty Co.,* 117 Ga. App. 226 (1) (160 SE2d 228); *Askew v. State,* 117 Ga. App. 647 (1) (161 SE2d 445); *Hall v. State,* 117 Ga. App. 649 (1) (161 SE2d 374). Here, appellant's brief contends these matters are shown in the transcript at pages 2, 3, 4, 5, 6, 7, and 8. We do not find this to be the case. Pages 2, 3, and 4 of transcript are as to objections to an *affidavit attached to the accusation.*

The enumeration of error does not reach this point, and even if it did, the objection comes too late. It should have been made at the time of trial, which was on December 13, 1973. See Code § 27-1501; *Geer v. State,* 58 Ga. App. 422 (198 SE 828); *Peppers v. Balkcom,* 218 Ga. 749 (2b) (130 SE2d 709); *Jackson v. State,* 112 Ga. App. 834 (1b) (146 SE2d 541); *Birt v. State,* 127 Ga. App. 532, 533 (194 SE2d 335). Further, the statute creating the Criminal Court of Fulton County authorizes prosecution upon an accusation supported by the prosecutor's affidavit. See Ga. L. 1890-91, pp. 935, 937, Vol. 2.

Pages 5 and 6 of transcript relate to objections made to introduction of evidence at the arraignment — and not as to evidence offered at the trial before the jury.

Pages 7 and 8 of transcript relate to certain requests to charge the jury.

Thus it will be readily seen that the enumerations of

error are not supported by the record or transcript, as pointed to by counsel for the appellant. Appellant thus has waived his right to have his enumerations of error considered.

2. The majority opinion urges that the judgment of the trial court be reversed, and contends that it was error to allow in evidence the earlier warrant for the same offense, by the same prosecutrix and for the same defendant. There is no way possible that this evidence could have damaged appellant.

3. The majority opinion urges that it was error, in connection with the above earlier warrant, to admit evidence as to defendant's payment of lying-in expense and monthly expense for maintenance through April 19, 1973, when the warrant was withdrawn. *There was no evidence to suggest that such payments were made upon condition that the warrant be withdrawn, or upon any other condition.* The majority opinion cites two cases neither of which supports the majority's position. First, the case of *Smith v. State,* 41 Ga. App. 341 (152 SE 916), was a liquor case, in which the well-known principle that confessions and admissions must be voluntary to be admissible is pronounced. Next, *Simmons v. State,* 98 Ga. App. 159 (2) (105 SE2d 356) relates to the introduction in evidence of payment by defendant of a sum of money to the prosecutrix in a bastardy case. This was held to be erroneous. *But the error was because the payments were made in return for an agreement that the case would be dead-docketed (or not prosecuted).* The evidence was in the nature of a compromise and prohibited by Code § 38-408. In the case sub judice, the payments were made *without agreement of any kind.*

The majority obviously overlooks a case that is squarely in point — and is contrary to the holding by the majority — to wit, *Fowler v. State,* 111 Ga. App. 856 (2), (143 SE2d 553) by Judges Eberhardt, Nichols and Pannell. It was there held that evidence as to an offer by defendant to give the prosecutrix (in a bastardy case) $200 for her hospital expense is not an offer in compromise where there was "no condition attached to the offer that, if accepted, to be in settlement of the defendant's liability." The *Fowler* case is controlling here,

and it discusses and distinguishes the *Simmons* case, by stating that in the *Simmons* case there was a condition attached to the offer of payment.

I would therefore affirm the verdict and judgment of conviction, and I respectfully dissent from the opinion by the majority.