## 58192. TATUM v. THE STATE.

Birdsong, Judge.

George Tatum, Jr. appeals from a conviction for abandonment of an illegitimate child.

The child was born on November 1, 1974. The prosecutrix testified that she had had sexual intercourse with appellant twice, during December, 1973, and on Sunday, February 2 [sic], 1974; that she had not had such relations with any other person during that time period; and that it would not be possible for anyone else to be the father of her child. Appellant admitted that he had had sexual intercourse with the prosecutrix on Sunday, February 3, 1974, a time consistent with the period of gestation. *Held:*

1. The trial court did not err in allowing testimony by the prosecutrix' stepfather that he had told appellant his stepdaughter would "have to pay for it the rest of her life with that baby, and I think something should be done." Appellant then asked how much the stepfather thought "it" would cost, and was told "four or five hundred dollars." Appellant responded, "Well, I will let you know something in a couple of days." Appellant subsequently told the stepfather that he (appellant) would get together with the prosecutrix, and that he would try to make some arrangements.

Appellant's motion for mistrial based on admission of this testimony was properly denied. *Fowler v. State* , 111 Ga. App. 856, 858 (2) (143 SE2d 553). There is nothing in this testimony to indicate or imply a compromise or settlement situation in violation of Code Ann. § 38-408. There was no condition attached to the stepfather's statements or to appellant's statement that he would "try

to make some arrangements" that would, if accepted, be in settlement of his liability or in settlement of any proceeding against him. *Fowler,* supra; see *Jester v. State* , 133 Ga. App. 652, 653-654 (211 SE2d 909).

2. The trial court did not err in allowing the prosecutrix to hold her child in the view of the jurors during voir dire and during her testimony at trial. The issue in this case is paternity, and it is competent as to this issue for the mother to exhibit the child to the jury, *Hunt v. State,* 101 Ga. App. 126 (112 SE2d 817), even when the baby has not been introduced into evidence. *Burton v. State,* 107 Ga. App. 792 (131 SE2d 579). In any event, appellant has not shown any harm affecting the outcome of the case. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741).

3. We find no merit in appellant's remaining enumerations of error, and in any event, no harm is shown. Applying the standard for harmless error set out in *Johnson v. State,* 238 Ga. 59 (230 SE2d 869), it can fairly be said that it is highly probable the matters complained of did not contribute to the judgment in this case. *Hamilton v. State,* 239 Ga. 72, 76 (235 SE2d 515). See *Baldwin v. Walker,* 143 Ga. App. 382, 384 (238 SE2d 695). The evidence is sufficient in this case to support the verdict; therefore we will not disturb it. *Watts v. State,* 239 Ga. 725, 727 (1) (238 SE2d 894); *Dunn v. State,* 141 Ga. App. 853 (1) (234 SE2d 687).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JULY 10, 1979 — DECIDED OCTOBER 2, 1979.

*Harl C. Duffey, Jr.,* for appellant.
*Larry Salmon, District Attorney, Timothy Alan Pape, Assistant District Attorney,* for appellee.