Welborn *vs.* Akin.

C. B. WELBORN, plaintiff in error, *vs.* WARREN AKIN, defendant in error.

1. Where it appears, from the record that A. sued W. upon a promissory note, dated in 1868, and that W. had filed his plea under oath ; that it was given in renewal of a contract, made before the 1st of June, 1865, and the Court called the case out of its order on the docket, under a rule by which he disposed of cases in which no issuable defenses were filed under oath, and against the objection of W., heard the argument on the plea, and dismissed it upon the ground that the Act of 1870 was unconstitutional :

*Held*, That the Court erred in dismissing the plea upon this ground. The law of 1870 is not *ex post facto*, for that applies to criminal, and not civil cases. The requirement that an affidavit be filed, that taxes due the State thereon have been paid, does not render it unconstitutional. If no tax was due, the law imposes none, and if the tax was due, creditors are not a favored class to be exempted from the payment of their legal taxes. The parliamentary law said to be violated, and, by it, the constitutional provisions for the passage of laws, does not operate to render it unconstitutional. Acts of the Legislature are presumed to be constitutional, and Courts will not declare them void, except in clear and urgent cases. It does not impair the obligation of contracts, for the law does not alter, modify or change a word in it ; nor does it impair the remedy, but both stand untouched by the law, and the requirement of the payment of tax due on the contract, neither impairs the obligation of it, nor denies the remedy ; and the fact presented by the plea, that the note sued on was given in renewal of an old debt, due before 1st June, 1865, if denied, was an issuable defense ; if not denied, it stayed judgment until the law was complied with, and if denied, it was a fact to be tried by a jury.

2. When, on the motion to set aside a judgment made in the case, it appears that the note was given in settlement and consideration of a claim held, and a judgment transferred upon a third party, and was not within the provisions of the Act of 1870, while we hold the Court erred in dismissing the plea, still, by the facts, when it appears no in-

jury was done to the defendant, and his facts set up sufficient to show the judgment would not be changed by a new trial and reversal, a new trial will be refused.

Relief Act. Constitutional law. Renewal. Novation. Before Judge HOPKINS. Fulton Superior Court. April Term, 1871.

In January, 1871, Akin sued Welborn upon his promissory note, made in 1868. Welborn pleaded that said note was given in renewal of one made prior to June, 1865; that he lost $2,000 00 by the destruction of his property, in consequence of the late war with the United States, and claimed the benefit of the Relief Acts. Akin called the Court's attention to the case, and asked to take it up. It was very far down upon the docket from where the Court was engaged. But the Court usually allowed cases, in which no issuable defense was filed, to be called at any time. Welborn's counsel said the case was called out of its order. Akin said it was not, because said plea was not an issuable defense. Welborn's counsel said they were not ready to argue that question, because the case was not in order. The Court took up the case.

Welborn's counsel objected to Akin's proceeding, because he had filed no affidavit that he had paid the taxes on said claim, as required by the Act of 1870. Akin replied that said Act was void, and moved to strike the plea on that ground. The motion was sustained. The Court then asked Welborn's counsel if they had any other defense. They replied that, believing said plea would prevent a trial for some time, they had not inquired as to any other defense. Then the Court rendered judgment for Akin, for the amount due on the note.

During the term, Welborn moved for a new trial, upon the grounds, that the Court erred in each of said rulings, and because he had a valid defense to said action. The defense was this: This note was given in settlement of a claim which

Akin held against him, as indorser, and also of the transfer of a *fi. fa.*, which *fi. fa.* he then thought valid, and Akin said it was, but, in fact, it was dormant, and therefore lost its lien upon the property of the defendant. therein.

Welborn's counsel made affidavit that they did not know this fact till after the judgment. Akin said this statement of Welborn was false, and that Welborn was in *laches* for not so pleading before judgment. And he introduced evidence to support his declaration, that the *fi. fa.* was no part of the consideration, but was, in fact, Welborn's property, sued out in his name, at Welborn's instance, etc. The Court refused a new trial. All this is assigned as error.

OLIN WELBORN; A. W. HAMMOND & SON, for plaintiff in error.

HILL & CANDLER; W. AKIN, for defendant.

LOCHRANE, Chief Justice.

This was an action brought by Warren Akin against C. B. Welborn, upon a note for $1,602 15, dated December 16th, 1868, with a credit of $42 33, September 14th, 1869. When this case was called upon the docket, counsel for defendant objected to its being taken up out of the regular call of the docket, "upon the ground that an issuable defense had been filed under oath under the provisions of the Relief Act of 1871; and that, not expecting said case to be disposed of until reached on the regular call of the docket, he was not then prepared for the argument and trial of the issues raised by said plea." This objection the Judge overruled and went on with the case, and this constitutes the first exception and assignment of error.

Defendant's counsel further objected to any further proceedings being had, on the ground that said cause was not ready for trial, because no affidavit, as required by law, had been filed under the 12th section and other sections of the

Welborn *vs.* Akin.

Relief Act of 1870, which was overruled by the Court, and forms the second exception in this case.

The plaintiff then moved to strike defendant's plea because the Act was unconstitutional, which the Court sustained, "and ordered the plea to be stricken on said ground," which was excepted to.

The Court inquired if there was any other defense. It was answered that, expecting the defense filed to be sufficient, and that the case could not be reached upon a regular call of the docket, he had not consulted his client and did not know. Plaintiff stating there was none, the Court granted the following judgment :

"There being no issuable defense filed on oath in this case, judgment is rendered in the cause for the plaintiff's defendant for $1,602 15, as principal, $116 44, as interest, and ...... for costs of suit." 7th November, 1870.

At the same term of the Court, a motion to set aside the judgment was made upon several grounds, and an answer to the rule *nisi* made by plaintiff. After hearing the question, the Judge refused to set aside the judgment, and this is excepted to and assigned as error.

1. The first ground of error which we will notice is the manner in which the Judge disposed of this case and the plea filed. If the plea filed was not sufficient to have invoked the interposition of a jury, then the manner of calling the case, as certified to by the Judge, was not error. In disposing of the business of the Court, the rule laid down was a commendable one, the only question being whether the Judge was right in not regarding the plea as a defense to this action. Let us first examine the plea :

"And now comes the said defendant by his attorney, Hammond & Welborn, and says that the note sued on in this case was given in renewal of a contract made prior to the first day of June, 1865, and this he is ready to verify. Defendant further says, that in consequence of the late war against the United States, he suffered losses to the amount of

$2,000 00 by the destruction of property, and this he is ready to verify," etc. This plea was sworn to and filed in proper form.

This plea was intended, by the pleadings, to put in issue the rights of the parties and their respective equities, under the Relief Act of 1870. It was sworn to, and, by its face, presented the fact that the note sued on was in *renewal* of a contract made before 1st June, 1865. The regularity, therefore, of this proceeding, in holding this to be no plea, was based, as the Judge declares it, upon his idea, that the Act itself was unconstitutional. Under the law of 1870, the plea put in issue, under the oath of the party, the fact that this note was given in renewal of a contract, made before the 1st June, 1865. If it did, then what consequences followed it, under the law? Why, that it was the duty of the party claiming a judgment upon such contract, to show the Court that he had paid the legal taxes required. If it was a debt upon which tax was not due, or if, in fact, it was not a renewal, *the Court* could not decide the latter question, of his own motion, for facts put in issue may have properly invoked a trial by jury. It is evident that the Court, in this case, treated the Act of 1870 as a nullity—as no law—and, in striking defendant's plea, it is so recited as the ground of his judgment. This Court has held one provision of that Act constitutional, and we need not reiterate the views and reasons which have induced the Court to that conclusion. Suffice it to say, we have held that it was within the Constitutional powers of the Legislature to exact from plaintiffs, before they invoked the powers, processes and aid of the Courts, to pay their taxes due the State. The contracts upon which the suit was instituted, is not impaired by any direct legislation. It is left just as it was. All that the law requires of the plaintiff is to pay his debt due the State. This seems to be as reasonable that he should pay his debt, *as that* others should pay their debts to him. We cannot see why it

Welborn *vs.* Akin.

is unconstitutional for him to pay, if it is constitutional to make his debtor pay.

But it is said that the Act requiring an affidavit that the taxes due have been paid, is *ex post facto*. The clause of the Federal Constitution relating to *ex post facto* laws, applies to criminal laws only, is the language of the Supreme Court of the United States, in 17 Howard, 284. And in 16 Georgia Reports, 102, Judge Lumpkin says the phrase, *ex post facto*, in the Constitution, extends to *criminal* and not to *civil* cases. As this law inflicts no punishment, and is not a penal law against crime, it is useless to discuss the proposition. If the question be raised that it is retrospective in its operation, then our laws abound with retrospective statutes, and Judge Lumpkin recites a good many in the decisions, in 16 Georgia, "imposing penalties upon banks refusing to redeem their notes on demand, in specie," giving priority to the payment of debts due *cestui que trusts*, whether the trust debt was contracted *before* or *after* those due other creditors, and others which, he says, "have been adjudged to be constitutional by the Courts," etc. Thus we see, without multiplying authority, that retrospective acts, even imposing penalties, are not to be regarded as *ex post facto*, and thus this objection falls upon the authority of the Supreme Court of the United States, and this Court.

Again, it is argued that, as no affidavit was required at the time the note was made, it is unconstitutional now to impose this duty. In Bell vs. the Corporation of Vicksburg, an affidavit, required by the Statutes of Mississippi to a plea, which applied to debts or contracts entered into before the statute was recognized by the Supreme Court of the United States as valid and binding, and a demurrer to a plea filed without the affidavit, was held to be bad. Thus, the requirement of an affidavit was, by Judge Campbell, one of the ablest jurists who ever adorned the Supreme Bench of the United States, not regarded any unconstitutional requirement.

There is nothing literally objectionable in the direction of the Legislature.

Now, it is a demonstration that the Act is not *ex post facto*, and that requiring an affidavit to be made, not required by the law at the time of the contract, is constitutional. Is there anything in the thing required to make it so? The law requires an affidavit that the taxes have been paid. If it be true that the contract was liable for tax at the time it was made, then why should it be unconstitutional to require an affidavit that it has been paid? If it owed no tax, the law imposes none; if the tax has been paid, the law interposes no obstacle. If it has not, why should *creditors* be a favored class, and exempted from the payment of tax. But, it is said, it is class legislation, and therefore unconstitutional. It applies to all contracts and creditors within its provisions and exceptions. The argument is, it does not operate equally. This is no argument, for it is imposing no tax, and the law may except those the Legislature pleases from paying it. This is a clear constitutional power; besides, this doctrine of all taxes being unconstitutional that do not apply to all equally, is exploded. Cotton was taxed, and the argument was made that the tax on it was unconstitutional, because it bore on one section, and not equally, but taxes on manufactures, only carried on North, would, upon the same principle, fall within the same objection. *I see nothing in the points* made with such earnest argument.

But it is said again, that it is unconstitutional because of the manner in which it was passed—by substituting the Senate bill for the House bill, and therefore reading the bill as passed but once in the House, (R.)—and we are invited to review parliamentary law. In reply to these objections, I only reply in the language of Judge Lumpkin : "I need not repeat here what has often been declared before by this Court, that Acts of the Legislature are not only presumed to be constitutional, but that the authority of the Courts to declare them void will never be resorted to except in a clear

and urgent case, one which is directly in the teeth of the Constitution, as if the Legislature were to vest the executive power in a standing committee of the House of Representatives, one which requires no nice critical acumen to decide on its character, but which is as obvious to the comprehension of any person as an axiomatic truth, as that all the parts are equal to the whole, or that two and two make four."

The illustrations given are the strongest utterances of the necessity of the case, its overwhelming clearness, no doubts, no sifting of parliamentary rulings or legislative rights, but as plain as two and two make four.

But it is argued that it is unconstitutional because it impairs the obligation of the contract. How paying taxes due the State upon the contract is impairing it is beyond my comprehension. It is certainly not as clear as two and two make four. What was the contract? That Welborn should pay a certain sum of money to Akin. The law is, that Akin shall make an affidavit that he has paid the legal taxes due the State, before he takes judgment against Welborn. A statute abolishing imprisonment for debt does not impair the obligation of contracts although applying to debts then subsisting; it affects the remedy only. Statutes of limitation applying to debts subsisting, are constitutional.

In Satterlee vs. Matthewson, 2 Peters, Justice Washington, delivering the opinion, recognizes the power of the Legislature, in a case greatly stronger than the one at bar. In that case, by an Act, it made valid what before was void; it created a contract where none before existed; it made one a landlord and the other a tenant; and, out of these relations, applying to suits pending, it took away Satterlee's defense; and the Judge states, in his decision, that the Supreme Court of Pennsylvania, in 1825, had held the contract entered into with a person claiming under a Connecticut title void, and the Legislature, afterwards, in 1826, in the teeth of the decision, declared contracts of that nature valid. "Now, (says this Court,) this law may be censured, as it has been, as an

unwise and unjust exercise of legislative power, as retrospective in its operation,   *   *   *   as creating a contract between parties where none previously existed.   All this may be admitted, but the question we are considering is, does it impair the obligation of the contract between the State and Wharton, or his alienee." And the Court held the Act not repugnant to the Constitution of the United States.

Now, in this case, the law does not touch, nor pretend to touch the contract between Akin and Welborn.   It stands as it was written, without the crossing of a *t*, or dotting of an *i*.   It is neither added to, nor diminished.   It stands as it was written, and the only thing done, by the provisions of the Act, under consideration, is not to the contract, but outside of it.   The process of the Court is not denied; the enforcement of the contract not refused.   The simple thing to be done is to pay the tax due the State, discharge this obligation to the State, arising out of the contract, and then the Courts are ready and open to grant the judgment against Welborn.   If no tax is due, the creditor must say so.   If the tax has been paid, he must say so.   If it has not, he must pay it, and the contract will be enforced by every remedy known to the law.   In this case, the contract clearly is untouched.

Now let us see what is changed by the tax provision of the Act of 1870.   The remedy is not altered.   There is nothing touched in the provision of the remedy.   It remains the same, as well as the contract.   The simple, naked proposition of the law is, pay your tax, if you owe it.   This is the language of the law.   The law will not affect either the contract or remedy, but require the creditor to pay tax, before he uses the Courts.   Courts are maintained by taxation, and the requirement upon the creditor is, pay what you owe the State, before you take your judgment to compel her citizens to pay you.

But it is objected that, as this law is for the collection of revenue, then it is unconstitutional, on two further grounds:

1st. The title of the Act embraces two distinct subject matters; and, 2d. This Act, if to raise revenue, originated in the Senate, and not in the House of Representatives.   We do not think there is any force in either of the objections.   The Act, by its title, refers to one subject matter.   The revenue is an incident to the main purpose of the Act, and this answers the other objections; for many laws result in revenue, that are not purely Acts to raise revenue.   This law purports to impose no tax.   It provides for how creditors may use the processes of the Courts.   The incidental advantage accruing to the debtor is consistent with the spirit of the law, as well as its letter.

Now, this plea presented the fact that the note sued on was in renewal of an old debt, due before the 1st June, 1865. It, therefore, presented what, if denied, was an issuable defense.   If it was not denied, it stopped judgment until the Act was complied with.   If it was denied, it was a fact for the jury to determine, and in either view of it, we think the Court erred.

Upon examination, however, of the facts presented by the record, it appears, in the motion, that the note sued on was given in settlement of a claim, which the plaintiff held against the defendant, and also the transfer of an execution, held by him upon Hamilton.   From this statement, it is apparent that this note was not given in renewal of a debt, within the provisions of the Act of 1870, and while we think the Court erred in striking the plea, still, by the facts shown in the motion, we do not hold that the Court should set aside the judgment, when we hold the judgment, under the facts, to be valid, and we, therefore, upon this ground, affirm the judgment in this case.

WARNER, Judge, concurring.

I concur in the affirmance of the judgment of the Court below, on the ground, that the Act of 1870, requiring an af-

fidavit of the payment of taxes on all debts contracted prior to the 1st June, 1865, as a condition precedent to a recovery by suit thereon in the Courts of this State, is unconstitutional and void.

McCay, Judge, concurred, but furnished no opinion.