### BROWN *v.* THE STATE.

1. Absence is a necessary element in the crime of abandoning destitute and dependent children.

2. If after having lawfully left the children they become destitute and dependent, and the absent father then voluntarily and wilfully fails to support his destitute and dependent offspring, he violates the provisions of the Penal Code, § 114.

3. The evidence amply sustained the verdict, and there was no error in refusing to grant a new trial.

Argued March 20, — Decided March 24, 1905.

Indictment for misdemeanor.   Before Judge Crisp.   City court of Americus.   February 11, 1905.

A special presentment against Henry Brown charged that on December 7, 1904, he did wilfully and voluntarily abandon his two minor children, aged 10 and 8 years respectively, leaving them in a dependent and destitute condition.   From the evidence it appeared, that Brown left his wife and children about a year or two before, but would come back to see them occasionally. After he left them his wife worked and supported them for a while.   She owned no property.   He never brought anything for them to eat or wear after he left.   Occasionally the children picked cotton during cotton-picking time.   The defendant left these children in June, 1904, and the next day his wife was taken sick, and was not afterwards able to do anything.   She died in December, 1904.   After the defendant left them the children lived with their mother.   They were frequently hungry and begged food from the neighbors, and the neighbors often gave them food.   Their uncle by marriage gave them food and clothing, whenever they came to him and asked for assistance.   After their mother's death they lived with him.   He testified that he told the defendant that "it was not right for him to do that way," and that "he ought to support his family."   In his statement the defendant said that he and his wife had trouble and he left home, a year or so before; that he used to go to see his family now and then, and would always take some money, and that he sent them food.   The jury found him guilty.   Error is assigned:   (1) Because the court charged, "If you believe the defendant wilfully and voluntarily abandoned his minor children, leaving them with his wife who was sick and consequently unable to support them, and that there was no one who had charge of the children, caring for them, and they were dependent upon the neighbors and charity for food and clothing, that would in law be a destitute and dependent condition, and the defendant would be guilty."   (2) Because the court refused to charge that "in order to convict the defendant, it must appear that he wilfully and voluntarily abandoned the children, leaving them in a dependent and

destitute condition at the time of the abandonment," and instead thereof instructed the jury that "if the defendant wilfully and voluntarily abandoned his children, and after said abandonment the children became in a dependent and destitute condition, and the defendant continued to wilfully and voluntarily abandon said children, leaving them dependent and destitute, and refused to support them, he would be guilty."

*T. F. Callaway*, for plaintiff in error.

*F. A. Hooper*, solicitor-general, and *Allen Fort Jr.*, contra.

LAMAR, J. A child is entitled to care, protection, and support from its father. But it may be that he is necessarily separated from his family. If under such circumstances, through the medium of money or otherwise, he provides, as far as possible, a substitute for himself, and for the care, protection, food, and clothing which he would presumptively furnish if present, the statute is not violated by his absence. If after having lawfully left his family, and furnished money and arranged for their care and protection, he should wilfully and voluntarily discontinue what he had been doing, and if as a result his children were left destitute and dependent, the statute would be violated, although at the time of its violation he was separated from the children. Abandonment does not mean merely going away from destitute and dependent children, though absence is a necessary element to constitute the crime. If when the defendant separated from his wife, and left the children in proper care, they were not dependent and destitute, he was not guilty of the crime denounced by the Penal Code, § 114. But if after having thus left them they became destitute and dependent because of their mother's inability to support them, and if he wilfully neglected his duty to support his destitute and dependent offspring, he was properly convicted. The charge of the court was correct. The evidence amply supported, if it did not demand the verdict. There was no error in refusing to grant a new trial. *Bull* v. *State*, 80 *Ga.* 704; *Bennefield* v. *State*, 80 *Ga.* 107 (2).

                    *Judgment affirmed. All the Justices concur.*