## 22800. POSEY *v.* THE STATE.

T. J. *Lewis,* W. O. *Slate,* for plaintiff in error.

John S. *McClelland, solicitor,* John A. *Boykin, solicitor-general,* J. W. *LeCraw,* I. *Leonard Crawford,* contra.

HOOPER, J.   F. H. Posey was convicted in the criminal court of Atlanta of the offense of bastardy. His certiorari was overruled by the judge of the superior court, and his bill of exceptions assigns error upon such ruling. The facts in the record necessary to illustrate our rulings upon the various assignments of error will be given in the opinion.

■ Complaint is made "because the court permitted the prosecutrix to testify as to acts of sexual intercourse with the defendant at the time when she was 13 years of age." While it is contended that such acts occurred more than two years prior to her becoming pregnant, the record does not show the interval of time to be that long. Defendant's counsel contended "that the only evidence of sexual intercourse which would be pertinent or germane would

be those acts which took place at or about the time the prosecutrix conceived." Upon the trial the prosecutrix testified that "she had known the defendant from the time she was 13 years of age, and that he had intercourse with her when she was only 13 years old, and that on an average of two or three times a week the defendant would have sexual relations with her, and that this continued until she became pregnant and for many months thereafter or until within a few months of the birth of the baby." Objection was made to the admission of this testimony. She also testified that she had never had sexual relations with any other man than the accused. It is our opinion, and we rule, that upon the trial of one accused of bastardy the State may prove acts of sexual intercourse between the prosecutrix and the defendant committed within a reasonable time prior to the act of intercourse which resulted in the conception of the illegitimate child, as such testimony, in the very nature of things and in accordance with the observations of human conduct, shows a tendency or disposition in each party towards the commission of the sexual act with the other, and shows that the parties were already upon such terms of lascivious intimacy as to render it probable that, given the opportunity, they would indulge in sexual intercourse with each other. See *Bass* v. *State,* 103 *Ga.* 227 (29 S. E. 966) ; 7 C. J. 992, § 123. The assignment of error upon the admission of testimony of policeman J. M. Banks to the effect that he arrested the prosecutrix and the defendant during December, 1930 (after conception of the child and before its birth) under suspicious circumstances, can not be considered by this court, as the trial judge in his answer to the writ of certiorari denies that objections were made to this testimony when offered.

■ It is contended that the verdict is illegal "because the court, over objection, permitted Dr. Fields to identify a certain alleged birth certificate which he made from conversation had with the prosecutrix and which said birth certificate was afterwards introduced in evidence;" counsel for defendant objecting to its admission upon the ground "that it was not a competent document to be submitted to the jury, but that it was merely a hearsay record made by the witness from conversations with other than the accused." A copy of said birth certificate was attached to the certiorari, and recited that the child was not legitimate, that the name

of its father was Frank Posey, and it contained other information required by the vital-statistics law of this State (Ga. L. 1914, p. 167; Michie's Code, § 1681(16)). The original certificate, Dr. Fields testified, had been lost, and the certificate in evidence was a duplicate copy which this witness stated "was made from the recollection which he had of the facts given him by the prosecutrix at or about the time of the birth of the child." The objection made to the admission in evidence of this duplicate certificate it will be noted is predicated upon the fact that the doctor who made it had obtained the information therein contained from the prosecutrix, who was the mother of the child. That portion of the certificate which relates to the date of birth and the sex of the child, and certain facts concerning the name, race, place of residence, and other facts concerning its mother, were not obtained by the physician through hearsay, and were clearly admissible. Hence, "most if not all of this evidence was admissible, and the court did not err in allowing it to go to the jury over the objection stated by counsel for the accused." See *York* v. *State,* 42 *Ga. App.* 453 (16) (156 S. E. 733). It will be noted moreover, that the act under which the birth certificate was prepared contemplates that the physician, "by diligent enquiry," obtain some of the information which the certificate should contain. Ga. L. 1914, p. 165; Michie's Code, § 1681(15).

The certiorari complains that the solicitor, "in his address to the jury, stated that the baby was as like the reputed father as a carbon copy;" that defendant's counsel thereupon "moved the court to direct the jury to exclude these remarks from their deliberations, . . because no basis for any such comparison had been laid, because the baby had never been exhibited to the jury." The trial judge in answering this portion of the petition for certiorari stated "that the alleged illegitimate baby was present in court during the trial of the case, and many references were made to it both by the solicitor representing the State and the attorney representing the defendant," and further answered that "when Muriel Weir, a witness for the State, was testifying, and the solicitor asked her if the child of which she claimed the defendant to be the father was in court, she said it was, and then the solicitor pointed to a child who was in the courtroom, and *in the presence of the jury,* and asked her if that was her child of which she claimed the defendant

to be the father, and she said that it was. . . To this evidence there was no objection on the part of the defendant." (Italics ours.) The trial judge does not in his answer state that he failed or refused to instruct the jury not to consider the remarks complained of; but conceding that his answer implies as much, we nevertheless rule that the exception is without merit. While, under some circumstances, testimony that a bastard child resembles the accused is inadmissible (*McCalmon* v. *State*, 121 *Ga.* 491 (5), 49 S. E. 609), the child could properly be exhibited to the jury as evidence of its relationship to the accused. *Sims* v. *State*, 16 *Ga. App.* 211 (84 S. E. 976). It appearing from the record in this case that the alleged illegitimate child had been, without objection, identified by the prosecutrix before the jury, the trial judge did not commit prejudicial error in permitting the solicitor in his argument to contend that a resemblance existed between the child and the defendant, its putative father, as the jury had equal opportunity with the solicitor to view both the child and the defendant, and were not compelled to accept the conclusion of the solicitor.

■ The evidence authorized the verdict, no error of law appears, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*