19642. WILLIAMS *v.* THE STATE.

ARGUED APRIL 8, 1957—DECIDED MAY 13, 1957.

*Thomas S. Pierce, Pierce Bros.,* for plaintiff in error.

*Preston B. Lewis, Solicitor, Eugene Cook, Attorney-General, E. Freeman Leverett,* contra.

HEAD, Justice. 1. The Constitution, art. I, sec. III, par. II

(Code, Ann., § 2-302), provides that no ex post facto or retro-active law shall be passed. See also Code § 102-104. The term ex post facto refers to criminal statutes. *Wilder v. Lumpkin*, 4 *Ga.* 208; *Boston & Gunby v. Cummins*, 16 *Ga.* 102 (60 Am. D. 717); *Welborn v. Akin*, 44 *Ga.* 420, 425; *Bussey v. Bishop*, 169 *Ga.* 251, 256 (150 S. E. 78, 67 A. L. R. 287).

The act approved March 17, 1956 (Ga. L. 1956, p. 800), amend-ing the statute defining abandonment (Code § 74-9902), so as to include illegitimate children, is not in any sense being given an ex post facto application in the present case. The accusation charged that the defendant abandoned his illegitimate children on May 1, 1956, and the accusation was returned on May 16, 1956.

The contentions of the defendant in his special plea are not in accord with the facts as shown by the record. The record dis-closes that on January 24, 1955, the defendant was convicted under an accusation based upon Code § 74-9901, charging that, on January 17, 1955, he failed and refused to give security for the maintenance and education of his two illegitimate children when required to do so in the terms of the law, in a bastardy proceeding under Code § 74-301 et seq. He was sentenced to serve twelve months on the public works, but was permitted to serve this sentence on probation, one of the conditions of the probation being that he make two semi-monthly payments of $15 for a period of twelve months for the support of his children.

The crimes of bastardy and abandonment are separate crimes under our statutes. Under our law as it presently stands, the father of a bastard child may be convicted for refusing to give the bond for its support and maintenance, and after the expira-tion of his sentence in the bastardy case, be convicted for the separate offense of abandonment under Code § 74-9902, as amended by the act of 1956 (Ga. L. 1956, p. 800).

2. The motion to dismiss the writ of error is denied. Clearly, if the contentions of the defendant's special plea had been sus-tained, and an order entered that he be discharged, it would have been a final disposition of the cause.

*Judgment affirmed. All the Justices concur.*