20137. BAILEY *v.* THE STATE.

ARGUED JULY 15, 1958—DECIDED SEPTEMBER 5, 1958—
REHEARING DENIED OCTOBER 10, 1958.

*Bloch, Hall, Groover & Hawkins,* for plaintiff in error.

*Clarence H. Clay, Jr., Solicitor, Harry F. Thompson, Assistant Solicitor,* contra.

HEAD, Justice. ■ Code § 74-9901 provides that if the father of a bastard child shall refuse or fail to give security for the maintenance and education of such child and certain expenses of the mother, when required to do so in terms of law, he shall be guilty of a misdemeanor. In the present case the record discloses that the defendant failed and refused to give security in the bastardy proceeding, and he was convicted under § 74-9901.

Under the act approved March 17, 1956 (Ga. L. 1956, p. 800), if the father of an illegitimate child shall voluntarily abandon his child, leaving it in a dependent condition, he is guilty of a misdemeanor. The act provides that the child shall be considered to be in a dependent condition when the parent charged with the offense does not furnish sufficient food and clothing for the needs of the child.

There is no merit in the defendant's contention that the charge

of abandonment (on which he was convicted in the present case) placed him twice in jeopardy for the same offense, or sought to deprive him of his liberty without due process of law.

"The crimes of bastardy and abandonment are separate crimes under our statutes. Under our law as it presently stands, the father of a bastard child may be convicted for refusing to give the bond for its support and maintenance, and after the expiration of his sentence in the bastardy case, be convicted for the separate offense of abandonment under Code § 74-9902, as amended by the act of 1956 (Ga. L. 1956, p. 800)." *Williams* v. *State*, 213 *Ga.* 221, 222 (98 S. E. 2d 373).

■ The act amending Code § 74-9902, making it an offense against the laws of this State to abandon an illegitimate child (Ga. L. 1956, p. 800), was approved on March 17, 1956. The defendant contends that the abandonment, if there was an abandonment within the meaning of the statute, occurred no later than September, 1955; that the destitute condition of the child arose at the time of its birth on January 8, 1956; and that the acts for which the defendant was tried and convicted, if committed at all, were committed at a time when such acts were not an offense against the laws of this State. It is insisted that to apply the 1956 act to the facts of this case would make it an ex post facto or retroactive law, in violation of stated provisions of the State and Federal Constitutions.

The accusation charging the defendant with the abandonment of his illegitimate child is dated September 30, 1957, and the accusation alleges that the abandonment occurred on November 1, 1956, or more than seven months after the passage of the act making it an offense to abandon an illegitimate child.

Counsel cite the rule stated by this court in *Gay* v. *State*, 105 *Ga.* 599, 605 (31 S. E. 569, 70 Am. St. R. 68), as follows: "The abandonment is something more than 'leaving them in a dependent and destitute condition.' It means the forsaking and desertion of the children; the refusal of the father to live where they are domiciled, and to perform the duties of a parent to his offspring." It is stated in the *Gay* case that, where a father has actually deserted his child leaving it in a destitute condition, and has been convicted and punished for the offense, he can not

be again convicted unless it is shown that he returned to a discharge of his parental duty and again deserted the child.

The rule stated in the *Gay* case, to the effect that, after an acquittal or conviction, before there could be a subsequent conviction, the father must resume the family relationship, is not now the law. *Hall* v. *State,* 202 *Ga.* 42, 47 (42 S. E. 2d 130); *Nelson* v. *State,* 77 *Ga. App.* 255, 257 (48 S. E. 2d 570). An act approved March 27, 1941 (Ga. L. 1941, pp. 481-484), amended Code § 74-9902, so as to provide: "The offense of abandonment shall be and is hereby declared to be a continuing offense. Former acquittal or conviction of said offense shall not be a bar to further prosecution therefor under this section; if it shall be made to appear that said child was in a dependent condition as defined herein for a period of thirty days prior to the commencement of prosecution." Code § 74-9902, as amended by the act of 1941, was repealed in its entirety by an act approved January 31, 1946 (Ga. L. 1946, pp. 63-64), and a new § 74-9902 was enacted, which new section contained the same provisions just quoted from the act of 1941. The defendant's attacks, in his pleas in bar and in his amended motion for new trial, on the constitutionality of the act of 1941 are therefore wholly without merit, since the provisions of the 1941 act were repealed by the act of 1946, and re-enacted. There was no constitutional attack in the trial court on the act of 1946 (Ga. L. 1946, pp. 63-64), and it can not be attacked for the first time in this court.

Under the act of 1956 (Ga. L. 1956, p. 800), the father of an illegitimate child can be prosecuted and convicted under the act for wilful and voluntary abandonment of his child, leaving it in a dependent condition. The law does not require that the father of such illegitimate child shall have lived with the mother in any relationship after the birth of the child.

In *Bull* v. *State,* 80 *Ga.* 704 (6 S. E. 178), it is stated in the headnote: "A father who within this State wilfully and voluntarily abandons his child before it is born, and persists in the abandonment afterwards, leaving it in a dependent and destitute condition, is guilty of a misdemeanor . . ." And in the body of the opinion it is said: "In the present case . . . the father cannot beat the law by starting in the race of abandon-

ment before instead of after the birth of the child. That a father begins to abandon his child some months before it is born, will not excuse him for persisting in the abandonment and failing to furnish it with the necessaries of life." See also *Moore* v. *State*, 1 *Ga. App.* 502 (57 S. E. 1016); *Jackson* v. *State*, 1 *Ga. App.* 723 (58 S. E. 272); *Shelton* v. *State*, 19 *Ga. App.* 618 (91 S. E. 923); *Campbell* v. *State*, 20 *Ga. App.* 190 (92 S. E. 951); *Smith* v. *State*, 42 *Ga. App.* 419 (156 S. E. 308).

In *Brown* v. *State*, 122 *Ga.* 568 (2) (50 S. E. 378), it is said: "If after having lawfully left the children they become destitute and dependent, and the absent father then voluntarily and wilfully fails to support his destitute and dependent offspring, he violates the provisions of the Penal Code, . . ."

Under the act of 1956 (Ga. L. 1956, p. 800), and the rulings of this court in *Bull* v. *State*, 80 *Ga.* 704, and *Brown* v. *State*, 122 *Ga.* 568, both supra, the father of an illegitimate child may abandon the mother and the child immediately after it is conceived. He can not, however, be convicted of abandonment unless he shall fail to "furnish sufficient food and clothing for the needs of the child" after its birth; and in the present case the failure to provide for the child would have to exist at a time subsequent to the approval of the act, as is alleged in the accusation.

■ In special ground 6 of the amended motion for new trial, error is assigned on the admission in evidence of an accusation charging the defendant with the offense of bastardy, together with the verdict of the jury finding him guilty. It is asserted that the defendant objected to the admission of this record upon the grounds: (1) It is irrelevant, immaterial, and highly prejudicial to the defendant. (2) It places the defendant in double jeopardy, in violation of stated provisions of the State and Federal Constitutions. (3) It seeks to deprive the defendant of life, liberty, or property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States. The defendant contended that the only issue to be tried was the paternity of the child, and the admission of the prior proceedings was highly prejudicial to the defendant, and probably led the jury to believe that, since he had been once convicted, they should also convict him.

"Generally, on a prosecution for a particular crime, evidence of another and distinct crime wholly independent from that for which one is on trial is inadmissible; but there are exceptions to this rule. One is, if the separate crime was committed as a part of the same transaction as that for which the accused is being tried, and forms a part of the res gestae." *Bradberry* v. *State*, 170 *Ga.* 859 (154 S. E. 344).

"Evidence of the commission of one crime is not admissible on the trial of the defendant for another crime, where the sole purpose is to show that the defendant is guilty of such other crime; but such evidence is admissible where there is some logical connection between the two from which it can be said that the proof of the one tends to establish the other; . . ." *Wilson* v. *State*, 173 *Ga.* 275 (2) (160 S. E. 319). See also *Barkley* v. *State*, 190 *Ga.* 641 (2) (10 S. E. 2d 32); *Hill* v. *State*, 201 *Ga.* 300, 303 (39 S. E. 2d 675); *Allen* v. *State*, 201 *Ga.* 391, 394 (40 S. E. 2d 144).

In the present case it appears that the defendant denied that he was the father of the child in each of the separate criminal charges against him. The issue as to paternity having been established in the bastardy proceeding, which judgment became final, it was not error to admit the record showing the defendant's previous conviction. The jury upon the second trial was not bound by the findings of the jury in the former case, but such findings constituted a circumstance for proper consideration of the jury on the sole issue of paternity.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents from the ruling in division 3 of the opinion and from the judgment of affirmance.*