### 38110. HUNT v. THE STATE.

CARLISLE, Judge. The defendant was charged with the abandonment of his minor illegitimate child. The jury found him guilty and he filed a motion for a new trial on the general grounds and one special ground which was denied, and the exception here is to that judgment.

1. In the prosecution of one charged with abandonment of an illegitimate child under the provision of Code § 74-9902, as amended by the act approved March 17, 1956 (Ga. L. 1956, p. 800), one of the issues is paternity. It is competent as to this issue for the mother to exhibit the child to the jury. *Sims* v. *State,* 16 *Ga. App.* 211 (2) (84 S. E. 976) ; *Posey* v. *State,* 46 *Ga. App.* 290, 293 (167 S. E. 340). Accordingly, in this case the first special ground of the motion for a new trial complaining of the action of the trial judge in permitting the mother to exhibit the child to the jury is without merit.

2. Under the general grounds the defendant contends that he cannot be guilty of abandonment of an illegitimate minor child unless it be shown that he has lived with the mother, and he further contends that he cannot be convicted under such circumstances until the paternity of the child shall be established by his trial and conviction of the offense of bastardy under the provisions of Code § 74-9901. Both of these contentions are without merit. While under the provisions of

Code § 74-9902 as amended, in order to convict one of abandonment of an illegitimate child, the additional issue of paternity may be injected into the case which is not ordinarily injected in cases of abandonment involving legitimate children, this issue may be tried by the jury in such prosecutions just as in prosecutions under Code § 74-9901. See *Williams v. State*, 213 *Ga.* 221 (98 S. E. 2d 373), and *Bailey v. State*, 214 *Ga.* 409 (105 S. E. 2d 320). The mother of the child in the instant case testified positively that the defendant was the father of the child. While there was evidence from which a contrary conclusion might have been reached, the jury resolved this issue against the defendant, and this court cannot say that it was not authorized by the evidence.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 19, 1960—REHEARING DENIED
JANUARY 27, 1960.

*Casey Thigpen,* for plaintiff in error.
*Thomas A. Hutcheson, Solicitor,* contra.

ON MOTION FOR REHEARING.

CARLISLE, Judge. On motion to rehear the counsel for the plaintiff in error complains that this court has not fully set forth his contentions; that it is his position that the defendant could not be guilty of abandonment of an illegitimate child within the purview of Code § 74-9902 as amended because, under the evidence in this case, the defendant had never lived with the prosecutrix or the child or supported either of them, there was no evidence as to when the child was conceived, a child must be conceived before it can be abandoned, and there is no evidence in the case at bar "as to whether or not child 'conceived,' before or after, the alleged abandonment."

This child was born on August 4, 1959. The defendant was charged with the offense of abandonment on September 14, 1959, at which time the child was in life. The defendant stated that he "quit going with" the mother in May, 1959, before the child was born. In the *Bailey* case, at the time the illegitimate child was born it was not a crime to abandon and fail to support such illegitimate child, but when the law became effective thereafter

and the father continued the abandonment he was guilty. It thus appears that, abandonment being a continuing offense, it is not necessary to show support discontinued, but failure to support together with the other essentials of the offense is sufficient.

*Rehearing denied. Gardner, P. J., and Townsend, J., concur.*