38668. DAILEY v. THE STATE.

DECIDED FEBRUARY 1, 1961.

118

*Frank A. Bowers,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Broadus B. Zellars, Miles B. Sams, Eugene L. Tiller, Assistant Solicitor-General,* contra.

JORDAN, Judge. One of the questions here involved is whether the trial court erred in not sustaining the plea in bar based on the grounds set forth above. The defendant contends that the posting of a statutory bond in a bastardy proceeding is a bar to his subsequent prosecution on an abandonment charge involving the same child, and that the only remedy available to the mother is an action to enforce the provisions of the bond. With this we cannot agree. The Code defines abandonment to mean the wilful and voluntary act of abandoning the child, leaving it in a dependent condition and then defines dependent condition to mean "when the father or mother charged with the offense does not furnish sufficient food and clothing for the needs of the child." It applies to either legitimate or illegitimate children. *Code Ann.* § 74-9902; *Logue v. State,* 94 Ga. App. 777 (96 S. E. 2d 209). Thus the criminal offense is complete when there is a wilful and voluntary abandonment of a child, leaving it in a dependent condition. The essential ingredients of the crime of abandonment are separation from the child and failure to meet its needs.

"The crime of abandonment begins and continues as long as there is a failure on the part of the father to perform his parental duty, and consequent dependence of the child." *Phelps v. State,* 10 Ga. App. 41 (72 S. E. 524). "The offense of abandonment is complete when the father wilfully and voluntarily separates from the child and fails to supply its necessities,

[cit.] and the only legal defense is to prove that such separation never occurred, or that the father did not fail in supplying the child with the necessities of life." *Smith v. State,* 42 Ga. App. 419 (2) (156 S. E. 308). It has been held by this court that a judgment for alimony is not necessarily a bar to a prosecution for abandonment, where it appeared that after the rendition of the judgment the father abandoned his children, leaving them in a dependent condition, and failed to comply with the judgment. *King v. State,* 12 Ga. App. 482 (77 S. E. 651). The Supreme Court of Georgia has held that bastardy and abandonment are separate crimes and that the father of a bastard child may be convicted for refusing to give the bond for its support and maintenance, and after the expiration of his sentence in the bastardy case be convicted for the separate offense of abandonment under *Code Ann.* § 74-9902. *Williams v. State,* 213 Ga. 221 (98 S. E. 2d 373); *Bailey v. State,* 214 Ga. 409 (105 S. E. 2d 320.

The whole purpose of the bastardy law and the requirement of the statutory bond is to indemnify the county against any expense that might be imposed upon it by having to take care of a pregnant woman during her lying-in period and to indemnify the county against a possible charge for the maintenance and education of the child until it arrives at the age of fourteen years. *Martin v. State,* 127 Ga. 39, 41 (56 S. E. 79); *Thomason v. State,* 18 Ga. App. 331 (1) (89 S. E. 436).

The mere posting of a bond in a bastardy proceeding or any other act of the father which fails to alleviate the dependent condition of the child cannot be used as a defense to the charge of abandonment.

Thus the trial court did not err in overruling the defendant's plea in bar. Likewise, after such plea had been overruled, the court did not err in the course of the trial in ruling, "Well, I am going to hold that it is not a legal defense in this case; it does not constitute a legal defense and I will so instruct the jury."

The general grounds and certain exceptions to the charge of the court were abandoned by the defendant in his brief.

Accordingly, the judgment of the Superior Court of Fulton County denying the petition for certiorari is affirmed.

*Judgment affirmed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*