## 39222. RIDDLE v. THE STATE.

NICHOLS, Presiding Judge. The defendant was convicted of having abandoned his minor child and thereafter his motion for new trial, as amended, was overruled. Error is now assigned on such judgment adverse to him.

1. The first special ground contends that a quoted charge should have been given even without request. Such charge, if it had been given, would have been tantamount to a directed verdict of not guilty for it would have instructed the jury to acquit the accused if the abandonment took place before or after the child was conceived. Such ground is without merit.

2. In the case of Ferguson v. Georgia, 365 U. S. 570, 596 (81 SC 756, 5 LE 783), the Supreme Court of the United States reversed the decision of the Supreme Court of Georgia in *Ferguson v. State*, 215 Ga. 117 (109 SE2d 44), and held: "We therefore hold that, in effectuating the provisions of § 38-415, Georgia, consistently with the Fourteenth Amendment could not, in the context of § 38-416, deny appellant the right to have his counsel question him to elicit his statement. We decide no more than this." Accordingly, the assignment of error in the second special ground of the amended

motion for new trial, that the trial court erred in instructing the jury that the defendant's statement was not under oath and not subject to cross-examination is without merit, and is not, as contended by the defendant, controlled by the above decision of the U. S. Supreme Court. See *Code* §§ 38-415, 38-416. No question as to the right of the accused to be questioned by his counsel is presented.

3. In the case of *Bailey v. State*, 214 Ga. 409, 413 (105 SE2d 320), the Supreme Court held: "Under the act of 1956 (Ga. L. 1956, p. 800), and the rulings of this court in *Bull v. State*, 80 Ga. 704, and *Brown v. State*, 122 Ga. 568 . . . the father of an illegitimate child may abandon the mother and the child immediately after it is conceived. He cannot, however, be convicted of abandonment unless he shall fail to 'furnish sufficient food and clothing for the needs of the child' after its birth." The evidence in the present case authorized a finding that the accused was the father of the illegitimate child, that he had abandoned the child immediately after it was conceived and failed, after the birth of the child, to furnish sufficient food and clothing for the needs of the child. The conviction was authorized and the judgment overruling the motion for new trial was not error for any reason assigned.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED NOVEMBER 16, 1961—REHEARING DENIED NOVEMBER 27, 1961.

*Casey Thigpen*, for plaintiff in error.
*Thomas A. Hutcheson, Solicitor*, contra.

