## 39714. CAMPBELL v. THE STATE.

JORDAN, Judge. Cecil Campbell was tried and convicted in the Criminal Court of Fulton County on an accusation charging him with the commission of a misdemeanor in that: "the said Cecil Campbell in the county aforesaid, on the 26th day of May, 1961, did sell and distribute a dangerous drug known as methamphetamine, a derivative of amphetamine, not in the form of inhalers, and pentobarbital, a derivative of barbital, not on the prescription of a duly licensed physician, and not being a sale at wholesale by a recognized drug jobber, a wholesaler, or drug manufacturer to a pharmacist or drug store, or to a physician qualified to practice his profession according to the law nor was the said sale a sale by a pharmacist to another pharmacist contrary to the laws of said State, the peace, good order and dignity thereof." His petition for the writ of certiorari to review the judgment of conviction was denied by the Superior Court of Fulton County and he excepted to that judgment. *Held:*

1. It is not error in the absence of a request to fail to charge the provisions of *Code* § 26-201, which provide that in every crime or misdemeanor there must be a joint operation of act and intention or criminal negligence, where the court fully charges on the essential elements of the crime with which the defendant is charged. *Tucker v. State,* 94 Ga. App.

468 (4) (95 SE2d 296). The trial court in the instant case fully charged the elements of the offense with which the defendant was charged, and it was not error for the court to fail to charge without request the provisions of the above Code section, as contended in paragraph 6 (d) of the petition for the writ of certiorari.

2. The defendant in the instant case was tried on an accusation charging him with the violation of *Code Ann.* § 42-709. It was error therefore as contended by the defendant in paragraphs 6(e) and 6(f) of the petition for the writ of certiorari for the trial court to give in charge to the jury, the provisions of *Code Ann.* §§ 42-712 and 42-714, the violation of which would constitute separate and distinct offenses from that for which the defendant was tried. Such error was compounded as contended in paragraph 6 (g) of the petition for the writ of certiorari by the following charge of the court: "Now, Gentlemen, if you believe beyond a reasonable doubt that the defendant did in the County of Fulton and State of Georgia, at any time within the two years immediately preceding the date of the swearing out of this accusation, sell and distribute the drugs set forth in this accusation which I have heretofore read to you gentlemen and in violation of the law which I have heretofore read to you, you would be authorized to find the defendant guilty," since the court had erroneously "heretofore" given in charge to the jury the inapplicable provisions of *Code Ann.* §§ 42-712 and 42-714. Accordingly, the Superior Court of Fulton County erred in denying the defendant's petition for the writ of certiorari, and that judgment must be reversed. Since this case is to be tried again, the assignments of error on the general grounds will not be ruled upon.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*

Decided September 21, 1962.

*Charles R. Smith, Bruce B. Edwards,* for plaintiff in error.

*Paul Webb, Solicitor General, John I. Kelley, Solicitor, Frank A. Bowers, Eugene L. Tiller,* contra.