## 40180. BENNETT v. THE STATE.

JORDAN, Judge. The defendant was tried and convicted in the Superior Court of Cobb County under an indictment charging him with the commission of a misdemeanor in that he, on February 5, 1962, in Cobb County, "did unlawfully then and there, have, control, and possess a certain quantity of alcohol, spirituous, malted, fermented, and intoxicating liquors, and beverages, contrary to the laws of this State, the good order, peace and dignity thereof." His amended motion for new trial was denied and he excepted to that judgment. *Held:*

1. Special ground 2 assigns error on the following excerpt from the charge of the court: ". . . That our law states that it shall be unlawful for any corporation, firm, or individual to receive from any common carrier, corporation, firm, or individual, or to have, control or possess any spirituous, vinous, malted, fermented, or intoxicating liquors *or any alcoholic compound or malt or liquor whether intended for beverage purposes or not, but which can be diluted, and when so diluted may be used as a beverage, and will produce intoxication,* and, upon violation of that law shall be punished as for a misdemeanor," it being contended that the giving of said charge was prejudicial error under the record in this case since the indictment did not charge the defendant with the possession of "any alcoholic compounds" as set forth in the italicized portion of said charge. It is further contended in said ground that the charge excepted to, which embodied the provisions of *Code* § 58-201, was harmful to the defendant because of the vague and equivocal nature of the testimony of the State's witnesses as to the identification of the alleged intoxicating liquor, and was confusing and misleading to the jury. In this regard certain testimony of the State's witnesses, who were police officers of the City of Marietta, is set forth in said ground as follows: "No one has contacted me about having the whiskey in here today so that I can testify that it is intoxicating. Unless I have the whiskey and unless I can show it and make some tests I cannot positively swear"; "this was presumably liquor . . . [it] smelled like liquor . . . at least it had an alcoholic smell to it."

The defendant not being charged in the indictment with the possession of "any alcoholic compound," it was error for the

court to give in charge to the jury the inapplicable provisions of *Code* § 58-201, *Locklear v. State,* 94 Ga. App. 696 (96 SE2d 283), *Campbell v. State,* 106 Ga. App. 588 (127 SE2d 698) ; and in view of the nature of the testimony of the State's witnesses in regard to the doubtful identification of the alleged intoxicating liquor, and of the fact that the case is extremely close on the evidence, the giving of said charge under such circumstances requires the grant of a new trial.

2. The remaining special ground is without merit. Since this case is to be tried again, the general grounds will not be considered.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*

DECIDED SEPTEMBER 4, 1963.

*Howell C. Ravan,* for plaintiff in error.

*Luther C. Hames, Jr., Solicitor General, Ben F. Smith, Assistant Solicitor General,* contra.