## 43150. WILBANKS v. THE STATE.

PANNELL, Judge. Appellant was convicted of the offense of abandonment of a minor child and was sentenced on November 23, 1965, to serve twelve months but the sentence was suspended on condition that he pay the sum of $10 per week for the support of the child beginning the day of sentence and continuing until the child should die, marry or become 16 years of age. Subsequently, a petition for revocation of the suspension was filed alleging that he was in arrears $135 on the $10 payments. He was duly served and a hearing was had. The trial judge entered the following order: "The above matter coming on for a hearing in accordance with the order of the court entered on May 12, 1967, and having been regularly continued until this date, after hearing evidence, the court adjudges that the defendant has violated the terms of suspension of sentence imposed upon him on November 23, 1965, as alleged in the petition for revocation of suspension.

"Wherefore it is ordered and adjudged that the defendant pay to the probation office all arrearages of child support within thirty days of this date and, that in default thereof, the suspension of the defendant's sentence will be revoked by the court. This July 1, 1967." The notice of appeal recites that it is from an order "providing for the revocation of the defendant's probation, entered in this action on June 28, 1967." The notice of appeal also recites that "no transcript of evidence having been taken down, a brief of the evidence will be filed for inclusion in the record on appeal." No brief of

the evidence was filed, but there was filed a stipulation by the parties approved by the trial judge in which appears the following: "It is requested by both the State and the defendant that the clerk include and transmit to the Court of Appeals the following documents: (a) A copy of the bond from the ordinary. (b) Receipt for the money posting the bond. (c) A copy of the judgment finding the defendant in arrears and revocation of probation signed by the Honorable James Barrow. (d) Copies from the ordinary of all checks showing pay-outs and the date of the first pay-out and the date of the last pay-out and the committal waiver and bond posted. (e) A copy of the indictment and arraignment following the conviction and the judgment of the court." There was no stipulation that these documents were introduced in evidence. It was further stipulated that the appellant's defense at the hearing on the petition for revocation "was the fact that a bond on the bastardy charge had been posted." The enumerated documents were sent up as a part of the record in the case including the abandonment indictment and the verdict of the jury in the trial of that case. *Held:*

Pretermitting the question of whether the appeal should be dismissed because the judgment referred to is not in the record (Sec. 4 of the Appellate Practice Act of 1965 as amended, Ga. L. 1965, pp. 18, 20; Ga. L. 1966, pp. 493, 495; *Code Ann.* § 6-802) ; *Bowers v. Gill*, 222 Ga. 529 (150 SE2d 653) ; *Langdale Co. v. Day*, 115 Ga. App. 30 (153 SE2d 671), or because the judgment appealed from is not an appealable judgment (Sec. 1 of the Appellate Practice Act, Ga. L. 1965, p. 18; *Code Ann.* § 6-701), or because no transcript of the proceedings, brief of evidence, or stipulation as to the evidence has been filed (Sec. 10 of the Appellate Practice Act of 1965, Ga. L. 1965, pp. 18, 24; *Code Ann.* § 6-805), it not appearing that the documents stipulated to be brought up were introduced in evidence, it appears that the only question presented, by stipulation of the parties, is whether one can be convicted of abandonment under *Code* § 74-9902, as amended, after having given bond as a putative father under *Code* § 74-303. This question has been adjudicated adversely to the appellant by both this court and the Supreme Court. *Williams v. State*, 213 Ga. 221 (98 SE2d 373) ; *Dailey v. State*, 103 Ga. App. 117 (118 SE2d 379).

*Judgment affirmed. Bell, P. J., and Whitman, J., concur.*

700

SUBMITTED OCTOBER 4, 1967—DECIDED NOVEMBER 20, 1967.

*Guy R. Dunn,* for appellant.
*Thomas W. Ridgway, Solicitor General,* for appellee.