## 38725. TILLMAN v. THE STATE.

HILL, Presiding Justice.

On November 8, 1972, the defendant, Willie C. Tillman, pled guilty to the misdemeanor charge of bastardy (Code Ann. § 74-9901) and was sentenced to serve twelve months (see Code Ann. § 27-2506 (a)). His sentence was suspended upon the condition that he pay $20 every two weeks for the support of the child. On that same date, the defendant and prosecutrix entered into an agreement providing that the defendant would pay $8 per week for the support of the child. On November 20, 1972, the condition of suspension of the sentence was reduced to $8 per week by court order. The defendant has met this condition.

In 1981 the Solicitor of Fulton County filed a petition to increase the amount of the weekly payments to $25, and the court increased the payment to that amount. Defendant challenges this modification on the ground that Code Ann. §§ 27-2506 and 74-9902 would

constitute an ex post facto law in violation of Code § 2-107 if applied to him in this manner.

Defendant pled guilty to the charge of bastardy in 1972. Although the crime of bastardy appears in the Code Annotated as § 74-9901, the Code chapter (Ch. 74-3) entitled "Bastardy Proceedings" on which § 74-9901 was based was repealed in 1973 (Ga. L. 1973, p. 697). Code Ann. § 74-9901 reads in pertinent part as follows: "If the putative father of an illegitimate child shall refuse or fail to give security for the maintenance and education of such child, and also the expense of lying-in with such child, boarding, nursing, and maintenance while the mother is confined by reason thereof, *when required to do so in terms of the law,* he shall be guilty of a misdemeanor." (Emphasis supplied.) Notwithstanding the continued publication of Code Ann. § 74-9901, it appears that the crime of bastardy was abolished in 1973 when the Code chapter entitled "Bastardy Proceedings" was repealed. See Ga. L. 1980, p. 1136; Kurtz, Criminal Offenses in Georgia, p. 252.

Code Ann. § 74-9902 prescribes the offense of abandonment. Code Ann. § 27-2709 (d) (as amended, Ga. L. 1980, pp. 1136, 1137) provides for suspension of sentences in cases of abandonment. Subsection (4) of Code Ann. § 27-2709 (d), supra, provides for modification of the terms and conditions upon which sentences are suspended in cases of abandonment. See *Hudson v. State,* 248 Ga. 397 (283 SE2d 271) (1981). The crimes of bastardy, Code Ann. § 74-9901, and abandonment, Code Ann. § 74-9902, are separate offenses. *Bailey v. State,* 214 Ga. 409 (1) (105 SE2d 320) (1958); *Dailey v. State,* 103 Ga. App. 117 (118 SE2d 379) (1961). Subsection (4) of Code Ann. § 27-2709 (d), relating to abandonment, does not apply in bastardy cases.

Code Ann. § 27-2506 (a) provides for sentences in misdemeanor cases. Code Ann. § 27-2506 (c) provides that sentencing courts "retain jurisdiction to amend, modify, alter, suspend or probate sentences under (a) at any time. . . ." This authority cannot now be used in bastardy cases as the functional equivalent of subsection (4) of Code Ann. § 27-2709 (d), supra.

Under the facts and circumstances of this case, we find that the trial court was without authority to modify the terms and conditions of this defendant's suspended sentence. Thus, we need not reach his constitutional argument.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1982.

*Frank J. Petrella,* for appellant.

*Hinson McAuliffe, Solicitor, Paul C. McCommon III, Assistant Solicitor,* for appellee.