## 64320. DUNAGAN v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction for abandonment of an illegitimate child. *Held:*

1. During the course of his instructions to the jury the trial judge charged Code § 74-9901 in its entirety. This is enumerated as error.

The State contends that this charge was requested by counsel for the defendant; hence no complaint may now be raised. While the trial judge at first indicated he thought the defendant's counsel did request the charge, he offered to withdraw that portion of the charge and defendant's counsel agreed, but counsel for the State objected and insisted that it was valid and pertinent and should be left for the jury's consideration. The trial judge then permitted defense counsel to formally object to the inclusion of Code § 74-9901 in the charge, but declined to exclude it.

Code § 74-9901 pertained to bastardy proceedings as found in former Code Ann. Ch. 74-3 (Code Ch. 74-3, as amended by Ga. L.

1972, p. 494). This chapter was expressly repealed by the legislature in 1973, effective July 1 of that year. Ga. L. 1973, p. 697. Code § 74-9901 in fact provided the penalty or punishment for violation of former Code Ann. § 74-303 (Code § 74-303, as amended Ga. L. 1972, p. 494, 496) which required that the father of an illegitimate be required to give security for the maintenance of such child and the expense of "lying-in with such child." As can be seen, Code § 74-9901 punishes as a misdemeanor the failure to provide such security when required. Although this court declined to so hold in *Jester v. State,* 133 Ga. App. 652 (211 SE2d 909) because such issue was not squarely presented, it seems clear that the repeal of the bastardy proceedings found in Code Ann. Ch. 74-3 and especially the repeal of Code Ann. § 74-303 served to repeal by implication Code § 74-9901 since there is now no violation to which the punishment applies. Thus, logic would indicate that there can be no crime for failure to give security since there is nothing mandating that security be given.

In *Hudgins v. State,* 243 Ga. 798 (1) (256 SE2d 899), the Supreme Court upheld the constitutionality of Code § 74-9901 and affirmed a conviction under that section. That decision dealt with a crime committed prior to July 1, 1973. Nevertheless, in a subsequent decision, *State v. Causey,* 246 Ga. 735, 737 (273 SE2d 6), that court followed the *Hudgins* case and recognized the "statutory scheme" of which Code § 74-9901 is a part.

In view of the language contained in the *Causey* case, since decisions of the Supreme Court control us, in our original decision we were deterred from holding that Code § 74-9901 is no longer viable although we found error in giving such charge. However, on the same day of our original decision, September 9, 1982, the Supreme Court released an opinion which has finally clarified and resolved the status of Code § 74-9901. *Tillman v. State,* 249 Ga. 792 (294 SE2d 516) holds: "Notwithstanding the continued publication of Code Ann. § 74-9901, it appears that the crime of bastardy was abolished in 1973 when the Code chapter entitled 'Bastardy Proceedings' was repealed. See Ga. L. 1980, p. 1136; Kurtz, Criminal Offenses in Georgia, p. 252." In addition, that case, which deals with a defendant convicted of bastardy in 1972, points out: "The crimes of bastardy, Code Ann. § 74-9901, and abandonment, Code Ann. § 74-9902, are separate offenses. *Bailey v. State,* 214 Ga. 409 (1) (105 SE 320) (1958); *Dailey v. State,* 103 Ga. App. 117 (118 SE2d 379) (1961)."

The defendant in this case was charged with abandonment of an illegitimate child, not bastardy or failure to give security. The inclusion of an instruction regarding a criminal penalty for an offense of which the defendant was not accused, and in fact could not be accused, could only serve to confuse the jury and was harmful as a

matter of law. *Campbell v. State,* 106 Ga. App. 588 (2) (127 SE2d 698); *Walker v. State,* 146 Ga. App. 237, 244 (246 SE2d 206). It was reversible error to charge the jury in the language of Code § 74-9901.

2. The remaining enumerations of error are either without merit or unlikely to recur on a retrial of this case.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1982.

*Paul S. Weiner,* for appellant.
*William Frey, Solicitor, Martin L. Cowen III,* for appellee.